UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| RANDY ZORNBERG, Individually and on behalf of all others similarly situated, | : | Civil Action No. 1:23-cv-06465-BMC |
|  | : |  |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| NAPCO SECURITY TECHNOLOGIES, INC., | : |  |
| RICHARD L. SOLOWAY, and KEVIN S. | : |  |
| BUCHEL, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF UNIVERSITY OF PUERTO RICO
RETIREMENT SYSTEM FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ....................................................................................1

II.     SUMMARY OF RELEVANT FACTS ..........................................................................2

III.    ARGUMENT...................................................................................................................3

        A.      UPR Should Be Appointed as Lead Plaintiff............................................................3

                1.      UPR Timely Moved for Appointment as Lead Plaintiff.............................4

                2.      UPR Has the Largest Financial Interest in the Relief Sought.....................4

                3.      UPR Satisfies the Requirements of Rule 23 ...............................................5

        B.      UPR's Selection of Counsel Should Be Approved....................................................7

IV.     CONCLUSION................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Chitturi v. Kingold Jewelry, Inc.*,
No. 20-CV-2886-LDH-SJB, 2020 WL 8225336 (E.D.N.Y. Dec. 22, 2020)................. 5, 6

*Godinez v. Alere Inc., et al.*,
No. 1:16-cv-10766 (PBS) (D.  Mass. Dec.  22,  2017) ...................................................... 7

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ....................................................................................... 7

*In re Millennial Media, Inc. Sec. Litig.*,
87 F. Supp. 3d 563 (S.D.N.Y. 2015)............................................................................... 7

*In re SunEdison, Inc. Sec. Litig.*,
No. 16-md-02742-PKC (S.D.N.Y. Dec. 22, 2016)......................................................... 7

*Sgalambo v. McKenzie*,
268 F.R.D. 170 (S.D.N.Y. 2010) .................................................................................... 5

*Silverberg v. DryShips Inc.*,
No. 17-CV-4547 (SJF)(ARL), 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ................ 7

*Silverstrand Investments v. AMAG Pharmaceuticals et al.*,
No. 1:10-cv-10470 (NMG) (D. Mass Jul. 27, 2010) ...................................................... 8

*Utesch v. Lannett Company Inc., et al.,*
No. 2:16-cv-05932 (WB) (E.D. Pa. Mar. 20, 2017) ....................................................... 8

*White v. Nano-X Imaging Ltd.*,
No. 20-CV-4355 (WFK) (MMH), 2022 WL 3973838 (E.D.N.Y. Aug. 10,
2022), report and recommendation adopted, No. 20-CV-4355 (WFK) (MMH),
2022 WL 3867750 (E.D.N.Y. Aug. 30, 2022).................................................................. 4

*Yang v. Tr. for Advised Protfolios*,
No. 21-CV-1047 (FB)(MMH), 2022 WL 970772 (E.D.N.Y. Mar. 31, 2022).................... 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(B)(i) .............................................................................................. 1

15 U.S.C. § 78u-4(a)(3)(B)(iii) ......................................................................................... 3, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ......................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ......................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ......................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................................... 7

Fed. R. Civ. P. 23 ............................................................................................... 1, 4, 5, 6

**Other Authority**

1995 U.S.C.C.A.N. 730 (1995) ..................................................................................................... 6

The University of Puerto Rico Retirement System ("UPR") respectfully submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff in the above-captioned action pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of its selection of the law firm of Abraham, Fruchter & Twersky, LLP ("AF&T") to serve as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The above-captioned securities fraud class action is brought on behalf of persons or entities who purchased or otherwise acquired publicly traded NAPCO Security Technologies, Inc. ("NAPCO") securities between November 7, 2022 and August 18, 2023, inclusive (the "Class Period"). ECF No. 1. The claims asserted arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a).

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest in the relief sought by the class" who also makes a *prima facie* showing of being a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, UPR makes this Motion seeking appointment as Lead Plaintiff based upon its belief that UPR has the largest financial interest in the relief sought by the Class and that it is otherwise a typical and adequate representative of the Class. Further, UPR, a sophisticated institutional investor, is the exact type of plaintiff that Congress sought to have serve as Lead Plaintiff when it enacted the PSLRA. UPR has a real financial interest in the litigation, experience serving as Lead Plaintiff in other securities class actions, and the ability to supervise and monitor counsel. Moreover, UPR fully understands the Lead Plaintiff's obligations to the Class under the PSLRA

and is willing and able to undertake those responsibilities to ensure the vigorous and efficient prosecution of this action.

UPR has also demonstrated its adequacy through its selection and retention of AF&T, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class.  Therefore, as discussed in greater detail below, UPR respectfully requests that this Court appoint UPR as Lead Plaintiff and approve its selection of counsel.

## II.    SUMMARY OF RELEVANT FACTS[1]

NAPCO is a company that develops, manufactures, and distributes security products. Its products include access control systems, door security products, intrusion and fire alarm systems, video surveillance products, and cellular communication service. ¶ 7.[2]

As alleged in the Complaint, throughout the Class Period, Defendants issued materially false and misleading statements about the Company's financial results and its internal controls. Although the Company identified issues with certain of its internal controls, it stated that they did not result in a material misstatement to financial statements and that there were no changes to previously released financial results. ¶¶ 16-27.

The Company's statements were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose

---

[1] These facts are based on the Class Action Complaint (the "Complaint") filed in *Zornberg v. NAPCO Security Technologies, Inc.*, No. 1:23-cv-06465-BMC (E.D.N.Y.) (the "*Zornberg* Action").

[2] All "¶ __" mean and refer to the *Zornberg* Action Complaint filed on August 29, 2023. *See* ECF No. 1.

that: (1) NAPCO failed to address any material weaknesses with internal controls regarding its cost of goods sold ("COGS") and inventory; (2) NAPCO downplayed the severity of material weaknesses regarding its internal controls; (3) NAPCO's unaudited financial statements from September 30, 2022 to the date of the Complaint included "certain errors" such as overstating inventory and understanding net COGS, resulting in overstated gross profit, operating income and net income for each period; (4) as a result, NAPCO would need to restate its previously filed unaudited financial statements for certain periods; and (5) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶ 28.

The truth finally began to be revealed when on August 18, 2023, after market hours, the Company issued a press release on Form 8-K announcing it would restate its unaudited financial statements from September 30, 2022 to the present and that previously issued financial statements should no longer be relied upon. The Company had determined that a material weakness existed in the Company's internal controls over financial reporting for each of the first three quarters of fiscal 2023, rendering the Company's disclosure controls and procedures ineffective at the end of each such quarter. Specifically, it stated that inventories were overstated and COGS was understated, resulting in overstated gross profit, operating income and net income for each period. ¶ 29.

On this news, NAPCO's share price fell $17.30, or 45.04%, to close at $21.11 per share on August 21, 2023, the next trading day. ¶ 30.

## III.    ARGUMENT

### A.    UPR Should Be Appointed as Lead Plaintiff

The PSLRA provides a method for determining the "most adequate plaintiff" to serve as Lead Plaintiff in a securities fraud class action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  *First*, the

plaintiff must file a complaint or make a timely motion to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). *Second*, the proposed lead plaintiff needs to have "the largest financial interest in the relief being sought by the [C]lass." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *Third*, the proposed lead plaintiff needs to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also White v. Nano-X Imaging Ltd.*, No. 20-CV-4355 (WFK) (MMH), 2022 WL 3973838, at *5 (E.D.N.Y. Aug. 10, 2022), report and recommendation adopted, No. 20-CV-4355 (WFK) (MMH), 2022 WL 3867750 (E.D.N.Y. Aug. 30, 2022).

UPR believes it is the "most adequate plaintiff" because it satisfies all three elements. Accordingly, UPR should be appointed as Lead Plaintiff.

### 1.    UPR Timely Moved for Appointment as Lead Plaintiff

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). On August 29, 2023, notice of the action brought by plaintiff Zornberg was published via *Business Wire* and provided October 30, 2023, *i.e.,* the last day that is within 60 days of the publication of notice of the filing of the *Zornberg* Action, as the deadline to submit lead plaintiff applications. *See* Declaration of Lawrence D. Levit in Support of Motion of University of Puerto Rico Retirement System For Appointment As Lead Plaintiff and Approval of Selection of Counsel ("Levit Decl."), Ex. 1, filed herewith. UPR satisfies this requirement through the filing of this Motion.

### 2.    UPR Has the Largest Financial Interest in the Relief Sought

UPR should be appointed Lead Plaintiff because it has the largest financial interest in this litigation as a result of the losses it suffered from its purchases of NAPCO common stock during the Class Period. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See, e.g.*, Levit Decl., Ex. 2 (UPR's

4

certification).   As a consequence of its purchases of NAPCO common stock during the Class Period, UPR has incurred a loss of approximately $158,340.03.  *See* Levit Decl., Ex. 3 (UPR loss chart illustrating trading losses resulting from its purchases). To the best of UPR's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.   Accordingly, UPR has the largest financial interest among those seeking appointment as Lead Plaintiff and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Yang v. Tr. for Advised Protfolios*, No. 21-CV-1047 (FB)(MMH), 2022 WL 970772, at *3 (E.D.N.Y. Mar. 31, 2022) (selecting lead plaintiff with the largest approximate loss).

### 3.      UPR Satisfies the Requirements of Rule 23

A lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted); *see also Chitturi v. Kingold Jewelry, Inc.*, No. 20-CV-2886-LDH-SJB, 2020 WL 8225336, at *5 (E.D.N.Y. Dec. 22, 2020) (same).  Here, UPR satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

5

UPR's claims are typical of the claims of other purchasers of NAPCO securities.  The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Chitturi*, 2020 WL 8225336, at *5.  Here, the claims of UPR are typical because, like all members of the putative class, it purchased NAPCO securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and omissions and suffered damages when the truth was revealed.  UPR's claims arise from the same course of events as all Class members and require similar legal arguments in order to prove defendants' liability.  *See, e.g., id.* (typicality satisfied were claims arise from the same actions and class will all make similar arguments under the provisions of the Exchange Act and Rule 10b-5 thereunder). As such, UPR satisfies the typicality requirement.

UPR similarly satisfies the adequacy requirement of Rule 23 to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class ...." *McKenzie*, 268 F.R.D. at 174 (citation omitted); *see also Chitturi*, 2020 WL 8225336, at *5-6 (same).

UPR satisfies these elements because its substantial financial stake in the outcome of this litigation provides the incentive to vigorously represent the claims of the Class, and it does not have interests that are antagonistic to the Class.  Indeed, UPR is a sophisticated institutional investor, the type of investor Congress specifically sought to encourage to lead securities class actions in enacting the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors

6

in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Silverberg v. DryShips Inc.*, No. 17-CV-4547 (SJF)(ARL), 2018 WL 10669653, at *4 (E.D.N.Y. Aug. 21, 2018) (Congress sought to encourage institutional investors to serve as lead plaintiffs); *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) (institutional investors are "the type of investor Congress prefers as lead plaintiff"); *see also In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) ("The fact that the PSLRA was designed to favor institutional investors should be taken into account when determining what constitutes a reasonable group of 'members.'").

UPR satisfies the requirements of Section 21(a)(3)(B) and is presumptively the most adequate plaintiff.  This presumption has not been, and cannot be, rebutted by proof that UPR "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Therefore, for the reasons stated above, the Court should appoint UPR as Lead Plaintiff.

### B.      UPR's Selection of Counsel Should Be Approved

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  UPR has selected and retained AF&T to serve as Lead Counsel.  AF&T has the commitment and ability to accomplish the required tasks because it has extensive experience and is highly competent in prosecuting similar actions.  *See, e.g., In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC, ECF No. 103 (S.D.N.Y. Dec. 22, 2016) (appointing AF&T lead counsel); *accord, e.g., Godinez v. Alere Inc., et al.*, No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (appointing

7

AF&T co-lead counsel); *Utesch v. Lannett Company Inc., et al.,* No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (appointing AF&T lead counsel); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (same).  The firm resume of AF&T, the proposed Lead Counsel, is submitted for the Court's convenience.  *See* Levit Decl., Ex. 4.

## IV.   CONCLUSION

For the reasons set forth herein, UPR respectfully requests that the Court: (i) appoint UPR as Lead Plaintiff; (ii) approve UPR's selection of the law firm of Abraham, Fruchter & Twersky, LLP to serve as Lead Counsel for the Class; and (iii) grant such further relief as the Court may deem just and proper.

 DATED:  October 30, 2023

ABRAHAM, FRUCHTER
  & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
ATARA TWERSKY
LAWRENCE D. LEVIT


*s/ Mitchell M.Z. Twersky*
MITCHELL M.Z. TWERSKY

450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Fax: (212) 279-3655
mtwersky@aftlaw.com
atwersky@aftlaw.com
llevit@aftlaw.com

*Attorneys for Movant*

8