UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| RANDY ZORNBERG, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:23-cv-06465-BMC |
|  | : |  |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : |  |
|  | : |  |
|  | : | MEMORANDUM OF LAW IN SUPPORT |
| vs. | : | OF MOTION FOR APPOINTMENT AS |
|  | : | LEAD PLAINTIFF AND APPROVAL OF |
| NAPCO SECURITY TECHNOLOGIES, INC., | : | LEAD PLAINTIFF'S SELECTION OF |
| RICHARD L. SOLOWAY, and KEVIN S. | : | LEAD COUNSEL |
| BUCHEL, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

4857-6740-0075.v1

## I.     INTRODUCTION

The above-referenced action is brought on behalf of all persons and entities that purchased or otherwise acquired publicly traded NAPCO Security Technologies, Inc. ("NAPCO" or the "Company") securities between November 7, 2022 and August 18, 2023, inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).   Donald W. Hutchings, Individually and as Trustee of: the Brady Adam Hutchings Irrevocable Trust U/A DTD 12/18/2012; the Caroline Hutchings Morin Irrevocable Trust U/A DTD 12/30/2014; the Donald W Hutchings Living Trust U/A DTD 09/19/1994; the Donald W Hutchings Principal Residence Trust U/A DTD 09/19/1994; the Hutchings Community Property Trust U/A DTD 05/20/2015; the Jay Whitney Hutchings Irrevocable Trust, Grantors Donald W. Hutchings and Pamela Paul Hutchings (hereinafter called "Trustee" or "Trustees"), dated December 18, 2012; the Julie Renee Hutchings Irrevocable Trust U/A DTD 12/18/12; the Kyle Hutchings Morin Irrevocable Trust U/A DTD 12/30/2014; the Pamela Paul Hutchings Living Trust U/A DTD 09/19/1994; and the Pamela Paul Hutchings Principal Residence Trust U/A DTD 09/19/1994 (collectively, "Hutchings")[1] should be appointed lead plaintiff because he filed a timely motion, has

---

[1]     Mr. Hutchings serves as trustee of these various trusts.

- 1 -

4857-6740-0075.v1

a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Hutchings' selection of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP as lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    STATEMENT OF FACTS

Headquartered in Amityville, New York, NAPCO engages in the development, manufacture, and distribution of security products. The complaint alleges that defendants, throughout the Class Period, made false and/or misleading statements and/or concealed that: (i) NAPCO failed to address any material weaknesses with internal controls regarding cost of goods sold ("COGS") and inventory; (ii) the Company downplayed the severity of material weaknesses regarding its internal controls; (iii) NAPCO's unaudited financial statements from September 30, 2022 to the present included "certain errors" such as overstating inventory and understating net COGS, resulting in overstated gross profit, operating income, and net income for each period; and (iv) as a result, the Company would need to restate its previously filed unaudited financial statements for certain periods. ECF 1 at ¶28.

On August 18, 2023, NAPCO announced it would restate its unaudited financial statements from September 30, 2022 to the present. Specifically, the Company disclosed that its "inventories were overstated and COGS was understated, resulting in overstated gross profit, operating income and net income for each period." ECF 1 at ¶29. On this news, the price of NAPCO stock fell more than 45%, causing substantial damage to investors.

4857-6740-0075.v1

## III.   ARGUMENT

### A.   Mr. Hutchings Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice was published on August 29, 2023. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Hutchings meets these requirements and should be appointed Lead Plaintiff.

- 3 -

4857-6740-0075.v1

### 1.   Mr. Hutchings' Motion Is Timely

The August 29, 2023 statutory notice advised putative class members of the pendency of the action, the claims asserted, the Class Period, and the right to move the Court for appointment as lead plaintiff by October 30, 2023. *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Mr. Hutchings is eligible for appointment as lead plaintiff.

### 2.   Hutchings Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Hutchings purchased 72,629 shares of NAPCO securities and suffered significant losses of over $697,300 as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Hutchings meets the PSLRA's prerequisite of having the largest financial interest.

### 3.   Mr. Hutchings Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'In deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.'" *Barnette v. Arcimoto Inc.*, 2021 WL 2986397, at *1 (E.D.N.Y. July 15, 2021) (citation omitted). "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Teamsters Loc. Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019) (citation omitted). "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to

- 4 -

other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id.* (citation omitted).

Hutchings satisfies the typicality requirement because, just like all other class members, Hutchings: (1) purchased NAPCO securities during the relevant time period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. Hutchings' substantial loss provides the requisite interest to ensure vigorous advocacy. Moreover, Mr. Hutchings' interests are aligned with the putative class. Mr. Hutchings has amply demonstrated his adequacy by signing a sworn Certification and Declaration stating that he is willing to serve as, and to assume the responsibilities of, class representative. *See* Rosenfeld Decl., Ex. B, D. Finally, as explained below, Mr. Hutchings has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Hutchings filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### B.    The Court Should Approve Hutchings' Selection of Counsel

The PSLRA provides that the most adequate plaintiff "'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Vanda*, 2019 WL 7287202, at *5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)). "'The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Id.* (citation omitted). Here, Hutchings has selected Robbins Geller and Johnson Fistel to serve as lead counsel for the proposed class.[2]

---

[2]    For a detailed description of Robbins Geller's and Johnson Fistel's track record, resources, and attorneys, please see https://www.rgrdlaw.com and https://www.johnsonfistel.com. Electronic or paper versions of the Firms' resumes are available upon the Court's request, if preferred

4857-6740-0075.v1

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Vanda*, 2019 WL 7287202, at *4 (appointing Robbins Geller as lead counsel in securities case); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities class action, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

In the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty Cap. Props.*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5

- 6 -

million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[3]  And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Likewise, Johnson Fistel is a leading class action law firm and has earned a reputation for excellence and innovation in shareholder rights litigation.  Johnson Fistel has been appointed as lead counsel in shareholder litigation in federal and state courts throughout the country, and has successfully litigated numerous such cases on behalf of injured investors.

Robbins Geller and Johnson Fistel have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work.  *See, e.g.*, *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D.

---

[3]    *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Mass.) (Robbins Geller and Johnson Fistel, as lead counsel in securities case, secured an $18.75 million class-wide settlement). Thus, the Court can be assured that by approving Hutchings' choice of Robbins Geller and Johnson Fistel as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Mr. Hutchings has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Hutchings respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  October 30, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

4857-6740-0075.v1

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
MARY ELLEN CONNER
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com
maryellenc@johnsonfistel.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 30, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4857-6740-0075.v1

# Mailing Information for a Case 1:23-cv-06465-BMC Zornberg v. NAPCO Security Technologies, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Janet Gochman**
  jgochman@stblaw.com,managingclerk@stblaw.com,3892155420@filings.docketbird.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Joshua Wolf Ruthizer**
  jruthizer@wolfpopper.com

- **Mitchell M.Z. Twersky**
  mtwersky@aftlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,managingclerk@stblaw.com,7448332420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)