UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————— x

RANDY ZORNBERG, Individually and on
Behalf of All Others Similarly Situated,

                     Plaintiff,

    vs.

NAPCO SECURITY TECHNOLOGIES, INC.,
RICHARD L. SOLOWAY, and KEVIN S.
BUCHEL,

                 Defendants.

—————————————————————— x

Civil Action No. 1:23-cv-06465-BMC

CLASS ACTION

DONALD W. HUTCHINGS' OPPOSITION
TO COMPETING LEAD PLAINTIFF
MOTIONS

4862-1981-2752.v1

Donald W. Hutchings respectfully submits this memorandum in further support of his (now) unopposed motion for appointment as lead plaintiff (ECF 20), and in opposition to the competing motions for appointment as lead plaintiff filed by University of Puerto Rico Retirement System ("UPR") (ECF 10, 17), Richard Jamison (ECF 14), Kraig Lujan (ECF 23), and Keith Mikkelson (ECF 12).[1]

## I.      INTRODUCTION AND BACKGROUND

On October 30, 2023, five class members filed motions seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").   Based on information contained in the submissions by the competing movants, Hutchings is the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, Hutchings' losses of $697,326 are ***more than triple the combined losses*** of the remaining movants:

| MOVANT | APPROXIMATE LOSS SUFFERED |
|---|---|
| Hutchings | **$697,326** |
| UPR | $158,340 |
| Jamison | $35,536 |
| Lujan | $26,700 |
| Mikkelson | $4,999 |

[1] Donald W. Hutchings is Trustee of: the Brady Adam Hutchings Irrevocable Trust U/A DTD 12/18/2012; the Caroline Hutchings Morin Irrevocable Trust U/A DTD 12/30/2014; the Donald W Hutchings Living Trust U/A DTD 09/19/1994; the Donald W Hutchings Principal Residence Trust U/A DTD 09/19/1994; the Hutchings Community Property Trust U/A DTD 05/20/2015; the Jay Whitney Hutchings Irrevocable Trust, Grantors Donald W. Hutchings and Pamela Paul Hutchings (hereinafter called "Trustee" or "Trustees"), dated December 18, 2012; the Julie Renee Hutchings Irrevocable Trust U/A DTD 12/18/12; the Kyle Hutchings Morin Irrevocable Trust U/A DTD 12/30/2014; the Pamela Paul Hutchings Living Trust U/A DTD 09/19/1994; and the Pamela Paul Hutchings Principal Residence Trust U/A DTD 09/19/1994 (collectively, "Hutchings").

- 1 -

Hutchings also otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, because the competing movants lack the largest financial interest and cannot prove that Hutchings is atypical or inadequate, their motions should be denied.

Recognizing Hutchings' presumptive lead plaintiff status, all other movants have either withdrawn their motions (ECF 24, 29) or filed notices of non-opposition to Hutchings' lead plaintiff application. *See* ECF 25, 27-28. Accordingly, Hutchings' motion is substantively unopposed and should be granted.

## II.    ARGUMENT

The PSLRA "directs the court 'to appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members' (generally known as the 'most adequate plaintiff')." *Salim v. Mobile TeleSystems PJSC*, 2019 WL 11095253, at *2 (E.D.N.Y. Sept. 11, 2019) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). "Courts follow a two-step process to determine the most adequate plaintiff." *Id.* "Under the first stage of the inquiry, the PSLRA provides a 'presumption' that the most adequate plaintiff is the person or group of persons who or that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)). "Once the court determines that there exists a presumptively adequate lead plaintiff, it must move to the second stage of the inquiry: whether that presumption is sufficiently 'rebutted.'" *Id.* (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)).

- 2 -

With a financial interest more than three times larger than all of the competing movants, there can be no legitimate dispute that Hutchings possesses the "largest financial interest" in this litigation:

| *Movant* | *Alleged Financial Interest[2]* |
|---|---|
| Hutchings | **$697,326** |
| UPR<br>*(filed non-opposition to Hutchings' motion) (ECF 27)* | $158,340 |
| Jamison<br>*(filed non-opposition to Hutchings' motion) (ECF 25)* | $35,536 |
| Lujan<br>*(filed non-opposition to Hutchings' motion) (ECF 28)* | $26,700 |
| ~~Mikkelson~~<br>*(withdrew motion) (ECF 29)* | ~~$4,999~~ |

Aside from possessing the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Hutchings must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). There is no question that Hutchings satisfies this requirement. *See* ECF 21 at 4-5. Hutchings is a Harvard University-educated Master of Business Administration with nearly 35 years of investing experience and familiarity with selecting and overseeing lawyers. ECF 22-4. Hutchings has amply demonstrated his adequacy by signing a sworn Certification and Declaration stating that he is willing to serve as, and to assume the responsibilities of, class representative. ECF 22-2, 22-4. Here, Hutchings is the presumptive lead plaintiff and the presumption in his favor cannot be rebutted.

---

[2]    *See* ECF 17-3, 25-4.

- 3 -

### A.    The Presumption that Hutchings Is the "Most Adequate Plaintiff" Cannot Be Rebutted

The presumptive lead plaintiff, in this case Hutchings, must be appointed unless it is ***proven*** that he cannot satisfy the typicality and adequacy requirements of Rule 23(a).  "[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original); *see also In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002).  The competing movants cannot do so here. *See* ECF 24-25, 27-29.

Consequently, because the PSLRA's presumption cannot be rebutted with the requisite proof, Hutchings' motion for appointment as lead plaintiff and approval of counsel should be granted, and the competing motions should be denied.

### III.    CONCLUSION

The remaining competing movants lack the largest financial interest in the relief sought by the class and cannot prove that Hutchings is atypical or inadequate.  As such, Hutchings respectfully requests that this Court enter an order denying the competing motions and granting Hutchings' motion.

DATED:  November 13, 2023                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

- 4 -

4862-1981-2752.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
MARY ELLEN CONNER
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com
maryellenc@johnsonfistel.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 5 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 13, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4862-1981-2752.v1

Case 1:23-cv-06465-BMC    Document 30    Filed 11/13/23    Page 8 of 8 PageID #: 447

# Mailing Information for a Case 1:23-cv-06465-BMC Zornberg v. NAPCO Security Technologies, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Janet Gochman**
  jgochman@stblaw.com,managingclerk@stblaw.com,3892155420@filings.docketbird.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,mtjohnston@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Mitchell M.Z. Twersky**
  mtwersky@aftlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,managingclerk@stblaw.com,7448332420@filings.docketbird.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)