UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| RANDY ZORNBERG, Individually and on Behalf of All Others Similarly Situated, | x : : : : | Civil Action No. 1:23-cv-06465-BMC |
| Plaintiff, | : : : | CLASS ACTION |
| vs. | : : : : | JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RESTRICTING DISCLOSURE OF CONFIDENTIAL INFORMATION |
| NAPCO SECURITY TECHNOLOGIES, INC., RICHARD L. SOLOWAY, KEVIN S. BUCHEL, PAUL STEPHEN BEEBER, RICK LAZIO, DONNA SOLOWAY, ROBERT UNGAR, ANDREW J. WILDER, NEEDHAM & COMPANY, LLC, and WILLIAM BLAIR & COMPANY, L.L.C., | : : : : : : : : |  |
| Defendants. | : : : x |  |

Pursuant to Federal Rule of Civil Procedure 26(c), Lead Plaintiff Donald W. Hutchings, individually and as trustee of several trusts[1] ("Lead Plaintiff") and additional plaintiff City of Warren Police and Fire Retirement System ("City of Warren," and together with Lead Plaintiff, "Plaintiffs"), and Defendants NAPCO Security Technologies, Inc. ("NAPCO"), Richard L. Soloway, Kevin S. Buchel, Paul Stephen Beeber, Rick Lazio, Donna Soloway, Robert Ungar, and Andrew J. Wilder (the "NAPCO Defendants"), Needham & Company, LLC and William Blair & Company, L.L.C. (the "Underwriter Defendants") (the NAPCO Defendants, together with the Underwriter Defendants, "Defendants") (collectively, the "Parties") to the above-captioned action (the "Action"), respectfully request that the Court issue a protective order to protect certain confidential, proprietary, or private information that may be produced in the course of discovery in this Action, and to guard against the waiver of attorney-client privilege, work-product protection pursuant to Federal Rule of Evidence 502(d), and other applicable privileges.  The Parties, by and through their respective undersigned counsel, hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

## I.    DEFINITIONS

1.    "Confidential Discovery Material" means any Discovery Material designated as "Confidential" pursuant to the terms of this Order.

---

[1]    The trusts are: the Brady Adams Hutchings Irrevocable Trust U/A DTD 12/18/2012; the Caroline Hutchings Morin Irrevocable Trust U/A DTD 12/30/2014; the Donald W Hutchings Living Trust U/A DTD 09/19/1994; the Donald W Hutchings Principal Residence Trust U/A DTD 09/19/1994; the Hutchings Community Property Trust U/A DTD 05/20/2015; the Jay Whitney Hutchings Irrevocable Trust, Grantors Donald W. Hutchings and Pamela Paul Hutchings, dated December 18, 2012; the Julie Renee Hutchings Irrevocable Trust U/A DTD 12/18/12; the Kyle Hutchings Morin Irrevocable Trust U/A DTD 12/30/2014; the Pamela Paul Hutchings Living Trust U/A DTD 09/19/1994; and the Pamela Paul Hutchings Principal Residence Trust U/A DTD 09/19/1994.

- 1 -

2.     "Counsel" (without qualifier), means Outside Counsel and In-House Counsel, as well as their respective support staff.

3.     "Designating Party" means any Party or Non-Party who designates any information or items for protection pursuant to the terms of this Order.

4.     "Discovery Material" means any information or items provided by a Party or Non-Party in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admission, and any other information or material produced, given or exchanged in this Action, regardless of the medium or manner in which it is generated, stored, or maintained.

5.     "Highly Confidential Discovery Materials" means any Discovery Material designated as "Highly Confidential" pursuant to the terms of the order.

6.     "In-House Counsel" means attorneys who are employees of a party to this Action.

7.     "Non-Party" means a person or entity that is not a Party to this Action.

8.     "Outside Counsel" means attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

9.     "Objecting Party" means a Party or Non-Party that challenges the designation of Discovery Material as "Confidential," or "Highly Confidential," or challenges a failure to so designate.

10.     "Party" means any Party to this Action, including all of its officers, directors, employees, and Counsel.

- 2 -

11.    "Producing Party" means a Party or Non-Party that produces any Discovery Material in this Action.

12.    "Protected Information" means information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege, that a Producing Party inadvertently discloses to a Receiving Party in this Action.

13.    "Receiving Party" means a Party that receives any Discovery Material from a Producing Party in this Action.

## II.    DESIGNATING DISCOVERY MATERIAL

14.    Any Producing Party or Receiving Party may designate as "Confidential" any Discovery Material, or any portion thereof, that the Designating Party reasonably and in good faith believes constitutes or contains: non-public business, commercial, financial, or personal information, or other information the disclosure of which would, in the reasonable good faith judgment of the Designating Party, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and/or any other applicable laws, rules, or regulations, including U.S. or foreign privacy, data protection, or secrecy laws. Where the confidential portion is reasonably separable from the non-confidential portion, only the confidential portion shall be so designated.  Designations of Confidential Information shall be on a document-by-document basis and shall be marked as: Confidential (or words to the same effect). All Discovery Material so designated shall be referred to in this Order as "Confidential Discovery Material" and shall be handled in accordance with the terms of this Order.

15.    Any Producing Party or Receiving Party may designate as "Highly Confidential" any Discovery Material, or any portion thereof, that the Designating Party reasonably and in good faith believes constitutes or contains trade secrets or business or personal information, the

disclosure of which is substantially likely to cause injury to the Designating Party, including but not limited to Discovery Material that reveals any particularly sensitive business methods or strategic plans (collectively, "Highly Confidential Information").  All Discovery Material so designated shall be referred to in this Order as "Highly Confidential Discovery Material" and shall be handled in accordance with the terms of this Order.

16.    Nothing in this Order shall be construed to prejudice in any way any objection to, or position concerning, production of the foregoing.

17.    Nothing in this Order shall be construed to provide less protection to Confidential or Highly Confidential Discovery Material designated by the Parties than the Federal Rules of Civil Procedure or the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules").

18.    The designation of any Discovery Material as Highly Confidential or Confidential shall be made in the following manner:

(a)    in the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the designation shall be made at the time of production by affixing the legend "Highly Confidential" or "Confidential" to each page containing any Confidential Discovery Material in a manner that will not interfere with legibility, audibility or functionality. Any type of electronically stored information ("ESI") produced in native format (including, but not limited to, Excel documents and PowerPoints) ( "Natively Produced ESI") containing Confidential Information or Highly Confidential Information need not be produced such that every page of such document, when printed, contains the appropriate mark or stamp.  Instead, the Producing Party shall use reasonable means to designate as Confidential or

- 4 -

Highly Confidential such Natively Produced ESI, including, where practicable, by: (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the Confidential or Highly Confidential mark; (ii) including Confidential or Highly Confidential in the file name of the Natively Produced ESI; and (iii) including Confidential or Highly Confidential on the label of the media or in the production letter for the Natively Produced ESI;

(b)      a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Confidential or Highly Confidential Discovery Material.

(c)      in the case of depositions or other pretrial testimony, any Party or Non-Party may designate the deposition or other pretrial testimony, in whole or in part (including exhibits), as Confidential or Highly Confidential by: (i) having counsel make a statement to such effect on the record during the proceeding in which the testimony is received; or (ii) notifying all counsel of record, in writing, within fifteen (15) days after receipt of the final transcript of such proceeding. Until the expiration of the 15-day period, the Parties shall treat the entirety of the deposition, including any transcript or video thereof, as Confidential or Highly Confidential Discovery Material.  Thereafter, only those portions of the deposition designated as "Confidential" or "Highly Confidential" shall be deemed Confidential or Highly Confidential Discovery Material.  The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or in writing, without further order of the Court; and

(d)    in such cases where the marking of each piece of Discovery Material as "Confidential" or "Highly Confidential" is impractical or impossible, the Designating Party shall designate in writing the Discovery Materials that it regards as containing Confidential or Highly Confidential Discovery Material at the time the Designating Party produces those Discovery Materials.

(e)    The inadvertent or unintentional failure to designate Discovery Material (including depositions or other pretrial testimony) as "Confidential" or "Highly Confidential" does not constitute a waiver of a Producing Party's claim of confidentiality, and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material shall be subject to the protections of this Order from the time it is designated as "Confidential" or "Highly Confidential." Upon receiving such supplemental notice, the Parties shall thereafter treat the Discovery Material so designated as Confidential or Highly Confidential, in accordance with the Producing Party's notification, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. The party or Parties receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information or Highly Confidential Information. In addition, upon receiving such supplemental written notice, any receiving party that disclosed that Discovery Material prior to its designation as Confidential or Highly Confidential shall exercise its best efforts: (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive the Confidential Information or Highly Confidential Information under the terms of this Order; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or

- 6 -

Highly Confidential when originally produced; (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 19 of this Order.

(f)    Each Party and Non-Party that designates information as Highly Confidential under this Order must limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate as Highly Confidential only those parts of materials, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Designating Party's attention that information that is designated as Highly Confidential does not qualify for this protection, the Designating Party must promptly notify all other Parties that it is withdrawing the erroneous designation.

(g)    Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

## III.    ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL

19.    All Discovery Material (including, but not limited to, Confidential or Highly Confidential Discovery Material) shall be used solely for prosecuting, defending, or attempting to settle this Action, and shall not be used for any other purpose whatsoever.

20.    Any person subject to this Order who receives from any Producing Party Discovery Material that is designated as "Confidential" or "Highly Confidential" shall not use or disclose such Confidential or Highly Confidential Discovery Material, except as expressly permitted

herein.  Any violation of the terms of this Order shall be punishable by relief the Court deems appropriate.

21.    Unless otherwise directed by the Court or agreed to in writing by the Designating Party, Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any person other than the individuals described in the subparagraphs below.  Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

(a)    a Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Action, or, in the case of an individual Party, the Party himself or herself;

(b)    counsel retained specifically for this Action, and regular or temporary employees of such counsel, including any paralegal, clerical, or other assistant who is engaged in assisting counsel in the prosecution or defense of this Action, provided that any disclosure is for use in accordance with this Order;

(c)    any person who is identified as an author or recipient (including, without limitation, "bcc" recipients) or any other person indicated on the face of the document as having received a copy of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention;

(d)     outside vendors or service providers (such as copy-service providers, document-management consultants, stenographers, and videographers) retained in connection with the prosecution or defense of this Action;

(e)     any mediator, arbitrator, or other person engaged by the Parties or appointed by the Court for the purpose of alternative dispute resolution, provided that such person has signed an undertaking in the form of Exhibit A, attached hereto;

(f)     any actual or potential witness or deponent (and counsel for the witness or deponent) to the extent reasonably necessary in connection with his or her testimony in this Action or the preparation therefor, provided that: (i) such person, or his or her counsel, has been provided with a copy of this Order and has signed an undertaking in the form of Exhibit A, attached hereto; and (ii) such person is not permitted to retain any Confidential Discovery Material;

(g)     any person (including their professional staff) retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this Action, to the extent reasonably necessary for such person to prepare a written opinion, prepare to testify, or assist counsel in the prosecution or defense of this Action, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation, and provided further that such expert or consultant has signed an undertaking in the form of Exhibit A, attached hereto;

(h)     the Court or any appellate court in this Action and its support personnel, court reporters, and jurors;

(i)     Outside or In-House Counsel for insurance companies or other indemnitors of any Party from which a Party claims coverage, or that are providing coverage for claims in this Action;

(j)     any other person agreed upon in advance by all Parties to the Action in writing or on the record, provided that such person has signed an undertaking in the form of Exhibit A, attached hereto; and

(k)     any person whom the Court directs should have access.

22.     Unless otherwise directed by the Court or agreed to in writing by the Designating Party, Highly Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any person other than the individuals described in the subparagraphs below.  Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

(a)     counsel for the Parties and employees of such counsel whose functions are reasonably necessary to the prosecution or defense of this Action;

(b)     the author or recipient of the document(s), and any other person indicated on the face of the document as having received a copy, provided that such person is notified that such Highly Confidential Discovery Material is subject to this Order and is not provided with copies of such Highly Confidential Discovery Material for his or her retention;

(c)     the named parties in this Action, provided that each such named party: (i) has signed an undertaking in the form of Exhibit A, attached hereto; and (ii) is not permitted to retain any Highly Confidential Discovery Material;

- 10 -

(d) any actual or potential witness or deponent (and counsel for the witness or deponent) to the extent reasonably necessary in connection with his or her testimony in this Action or the preparation therefor, provided that: (i) such person, or his or her counsel, has been provided with a copy of this Order and has signed an undertaking in the form of Exhibit A, attached hereto; and (ii) such person is not permitted to retain any Confidential Discovery Material;

(e) experts and consultants (including their professional staff) retained to assist counsel for the Parties, provided that any such experts execute the form attached hereto as Exhibit A prior to any disclosure to such expert(s), and that a copy of such signed form is retained by counsel for the party making disclosure to such expert(s), and further provided that any reports created by such experts relying on or incorporating Highly Confidential Information in whole or in part shall be designated as Highly Confidential by the party responsible for its creation;

(f) outside vendors or service providers (such as copy-service providers and document-management consultants) retained in connection with the prosecution or defense of this Action;

(g) any mediator, arbitrator, or other person engaged by the Parties or appointed by the Court for the purpose of alternative dispute resolution, provided that such person has signed an undertaking in the form of Exhibit A, attached hereto;

(h) the Court or any appellate court in this Action and its support personnel, court reporters, and jurors; and

(i) any other person or entity as to whom the Parties agree in writing prior to any disclosure of Discovery Material designated as Highly Confidential, provided that such person or entity has been informed of this Order and has executed the form attached hereto as Exhibit A.

- 11 -

23.     Each person given access to Confidential Information or Highly Confidential Information under this Order shall be advised by counsel for the party giving access that such Confidential Information or Highly Confidential Information is being disclosed pursuant and subject to the terms of this Order and must be handled strictly in accordance with the terms thereof by the person receiving such Confidential Information or Highly Confidential Information.

24.     Every person or entity given access to Confidential or Highly Confidential Discovery Material or information contained therein:

(a)     shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy shall be treated in accordance with the provisions of this Order; and

(b)     shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

25.     Any extract, summary, compilation, description, notes, memoranda, analysis, or copy containing Confidential or Highly Confidential Discovery Material and any electronic image or database containing Confidential or Highly Confidential information shall be subject to the terms of this Order to the same extent as the material or information from which it is derived.

26.     Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its contents, and shall take reasonable steps to ensure that Discovery Material is: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons, as described herein.  Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent the

unauthorized or inadvertent disclosure or misuse of such material, including by employing reasonable measures, consistent with this Order, to control access to, duplication of, and distribution of such material.

27.    Nothing contained in this Order, however, shall affect or restrict the rights of any Designating Party with respect to its own documents, data or information produced in this Action.

28.    Each Party must promptly advise the Producing Party, through counsel, of any losses or compromises of the confidentiality of the Confidential or Highly Confidential Discovery Material governed by this Order.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Producing Party in writing of the unauthorized disclosures; (b) use best efforts to retrieve all copies of the Confidential or Highly Confidential Discovery Material; (c) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order; and (d) request that such person(s) either return or destroy the Confidential or Highly Confidential Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Order, execute the undertaking attached as Exhibit A hereto.

29.    This Order does not apply to any Confidential or Highly Confidential Discovery Material that: (a) was, is, or becomes public knowledge other than through a breach of this Order; (b) is acquired or learned by the Receiving Party independent of discovery in this Action; or (c) is required by law to be made available to Non-Parties. Any use of Confidential or Highly Confidential Discovery Material at trial shall be governed by a separate agreement or order.

30.    In the event additional Parties join or are joined in this Action, a newly-joined Party shall not have access to Confidential or Highly Confidential Discovery Material until its counsel

has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Order.

## IV.    FILING CONFIDENTIAL DISCOVERY MATERIAL

31.    A Party or Non-Party that seeks to file Confidential or Highly Confidential Discovery Material with the Court in connection with a motion or court proceeding  shall file such Confidential or Highly Confidential Discovery Materials under seal or in redacted form in a manner consistent with the Eastern District of New York's Steps For Filing Sealed Documents – Civil Cases, available at https://www.nyed.uscourts.gov/forms/steps-e-filing-sealed-documents-civil-cases, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Judge Cogan's Individual Rules, or in any manner otherwise permitted by the Court.  Nothing in this Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

32.    The date upon which the Confidential or Highly Confidential Discovery Material is appended to a letter motion to file under seal shall be deemed the date the Confidential or Highly Confidential Discovery Material is filed with the Court, regardless of the date upon which the Court issues an order on the motion to file under seal.

33.    Nothing herein shall preclude a Party from filing Discovery Material that the Designating Party itself has designated as Confidential or Highly Confidential Discovery Material in non-redacted form and without requesting sealing.

34.    Sealed records that have been filed may be removed by the Designating Party: (a) within ninety (90) days after a final decision disposing of the Action is rendered if no appeal is taken; or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

- 14 -

## V.   USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT

35.   If any Receiving Party plans to disclose any Confidential or Highly Confidential Discovery Material at a court hearing or pretrial conference, that Receiving Party shall use reasonable efforts to inform the Producing Party and/or Designating Party of its intent to use such information in advance of the court appearance.  Whether or not any such advance notice is given, the Receiving Party will provide the Producing Party and/or Designating Party with an opportunity to approach the Court in confidence, whether in chambers or such other method as the Court shall direct, regarding the use of the Confidential or Highly Confidential Discovery Material before reference is made to any such Confidential or Highly Confidential Discovery Material.  This provision is not intended to prohibit counsel from selecting and using Confidential or Highly Confidential Discovery Material for any court hearing or conference.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

36.   A Party or Non-Party may object to the designation of Discovery Material as "Confidential" or "Highly Confidential" at any time (the "Objecting Party") prior to trial.  Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the "Confidential" or "Highly Confidential" designation of any Discovery Material by any Designating Party.

37.   In the event that an Objecting Party wishes to challenge the "Confidential" or "Highly Confidential" designation of any Discovery Material, the Objecting Party shall give written notice to the Designating Party and all Parties to the Action, stating with particularity the grounds of the objection or request.  The Objecting Party and the Designating Party shall attempt in good faith to meet and confer and resolve all objections by agreement.  If any objections cannot be resolved by agreement within ten (10) days from when they were first made, the Objecting Party may submit the issue to the Court at any time thereafter.  The burden of persuasion in any

- 15 -

proceeding challenging such designation shall be on the Designating Party.  Any Discovery Material that is the subject of such a dispute shall be treated as Confidential or Highly Confidential Discovery Material until the Court's decision on the issue, or until the Objecting Party withdraws such objection in writing.

## VII.    UNAUTHORIZED DISCLOSURE OF Confidential Discovery Material

38.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Discovery Material; (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person(s) to execute the "Acknowledgement and Agreement to Be Bound by Protective Order Restricting Disclosure of Confidential Information," attached hereto as Exhibit A.

## VIII.    CLAWBACK OF PROTECTED INFORMATION

39.    If a Producing Party inadvertently discloses to a Receiving Party information subject to a claim of attorney-client privilege, work-product protection, or any other applicable privilege or protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Protected Information, the subject matter of the Protected Information, or the right to object to the production or disclosure of the Protected Information in this Action or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b) do not apply.

40.    If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work-product protection, the Producing

Party shall follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Local Civil Rule 26.2. When a Producing Party gives notice to a Receiving Party that certain produced material is subject to a claim of attorney-client privilege, work product, or other applicable privilege, or a Receiving Party believes it may have received material that is subject to such a claim, the obligations of the Receiving Parties are controlled by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

41. The return, sequestration or destruction of any Protected Information pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) shall not in any way preclude the Receiving Party seeking an order from the court compelling production of the Protected Information.

42. In the event that there is a challenge to a claim of privilege, work product protection, or other applicable privilege, the Receiving Party shall discuss the challenge with the party asserting the privilege or protection and attempt in good faith to resolve the dispute. If the dispute is not resolved, the Receiving Party may apply to the Court for an Order compelling production of the Protected Information. During the pendency of such a motion, each Receiving Party may retain the document or information and all copies thereof but shall make no use of it other than is necessary in connection with the proceedings on the motion. Any copy of such document or information submitted to the Court in connection with the motion shall be filed under seal, redacted or submitted for in camera review. The allegedly privileged material in dispute shall be treated as privileged until the Parties either agree or the Court issues an order to the contrary. In connection with such a motion, the Producing Party retains the burden of establishing that the information is subject to a valid claim of privilege, immunity, or work-product protection. Beyond the provisions above regarding use of the fact or circumstances of the production, nothing in this Order shall limit

the right of any party to contest a claim of privilege, immunity, or work-product protection, or to argue that privilege has been waived as to any document.

## IX.    NON-PARTIES

43.    Any Non-Party from whom Discovery Material is or has been sought in this Action may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of Discovery Material is subject to the Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

44.    Any Party issuing a subpoena or other discovery request shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

45.    To the extent that any Non-Party produces Discovery Material in this Action that contains Confidential or Highly Confidential Discovery Material of a Party to this Action, any Party may designate such Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material.  Until the expiration of the 60-day period, the Parties shall treat any Discovery Material produced by a Non-Party as Confidential Discovery Material.  Thereafter, only those portions of such Discovery Material designated as "Confidential" or "Highly Confidential" shall be deemed Confidential or Highly Confidential Discovery Material.  Failure to designate Discovery Material produced by a Non-Party within the aforementioned deadline does not act as a waiver to a Party's ability to do so.

46.    As soon as practicable, and in no cases more than five (5) business days after a Receiving Party's receipt of written responses and objections and/or Discovery Material provided

or produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, a request pursuant to the Hague Convention, or any other process for obtaining Discovery Material, including any court filings related to such subpoena or request, that Receiving Party must make copies of such written responses and objections, court filings, and/or Discovery Material available to all other Parties.

## X.    LEGAL PROCESS

47.    If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, and such subpoena or document demand seeks Confidential or Highly Confidential Discovery Material that was produced in this Action by a Designating Party other than the Receiving Party, the Receiving Party shall, unless otherwise required or prohibited by law, give written notice as promptly as reasonably practicable before the return date for such subpoena or document demand, to counsel for the Designating Party, and include with the notice a copy of the subpoena or request.  The Designating Party shall bear all responsibility for its objection to the production of such Confidential or Highly Confidential Discovery Material, and the Receiving Party shall not voluntarily make any production of the Confidential or Highly Confidential Discovery Material until resolution of any objections interposed by the Designating Party, unless compelled or otherwise required to do so by law. The Receiving Party shall make a good faith effort to provide the Designating Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for protection of the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order.  Nothing in this Order shall be

- 19 -

construed as authorizing a Party to disobey any law or court order requiring production of materials designated as Confidential or Highly Confidential Discovery Material in this Action.

## XI.    FINAL DISPOSITION

48.    Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally ending the Action, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, and upon the request of the Producing Party, all persons having received Confidential or Highly Confidential Discovery Material (except the Court) shall make commercially reasonable efforts to identify and destroy all such Confidential or Highly Confidential Discovery Material, including all copies thereof and information derived therefrom, or return such materials to counsel for the Producing Party.  In either event, on or before the sixty-day deadline and upon the request of the Producing Party, the Receiving Party shall certify its return or destruction of all Confidential or Highly Confidential Discovery Material by submitting a written certification to the Producing Party that affirms, to the best of the Receiving Party's knowledge after undertaking commercially reasonable efforts, that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material.  Good faith reasonable efforts to return or destroy material need not include destroying Confidential or Highly Confidential Discovery Material residing on back-up tapes or other disaster recovery systems, so long as the person who has received such Confidential or Highly Confidential Discovery Material maintains the confidentiality of such material.

49.    Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material, provided that such counsel, and

employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, deposition and trial transcripts, and litigation files (including attorney work product) to any person except pursuant to a court order, agreement by the Producing Party, or as otherwise required by law. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

50. This Order shall not restrict the use of documents or information obtained outside the Action or alter or conflict with any order entered by another court. Nothing contained in this Order shall be construed to impose discovery obligations on a person or entity in the Action or any related action in which that person or entity is not a party.

51. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## XII.   MISCELLANEOUS

52. Entering into or agreeing to this Order, producing or receiving Confidential or Highly Confidential Discovery Material, or otherwise complying with the terms of this Order, shall not:

(a)    operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" or "Highly Confidential" by the Producing Party is appropriately designated as such;

(b)    prevent any Party or Non-Party from seeking further, greater or lesser protection with respect to the use of any Confidential or Highly Confidential Discovery Material, in connection with this Action or any other proceeding;

(c)       prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery, or to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(d)       waive any applicable privilege, protection or immunity;

(e)       waive a Party's right to move the Court for an order allowing disclosure of Confidential or Highly Confidential Discovery Material for good cause;

(f)       prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purported Confidential or Highly Confidential Discovery Material;

(g)       prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

(h)       bar the use or disclosure at trial of any information designated as Confidential or Highly Confidential Discovery Material; or

(i)       affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Action.

53.       Neither this Order nor the fact of its existence nor any designation of Discovery Material as Confidential or Highly Confidential shall be offered or admitted into evidence at a jury trial or argued to any jury in the Action.

54.       This Order may be modified only by order of the Court, and is without prejudice to the rights of any party to move in good faith for relief from any of its provisions, or to seek or agree to additional protection for particular information or Discovery Material, including but not limited to heightened confidentiality protection.

55.       In the event that the Court determines that there is an actual or threatened violation of this Order by a party receiving Discovery Material designated as Confidential or Highly

Confidential, the Parties agree that the Producing Party would not have an adequate remedy at law and would be entitled to specific performance and/or injunctive relief to enforce the terms of the Order, in addition to any other remedy to which the Producing Person may be entitled at law or in equity.

56.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as Confidential or Highly Confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

57.     The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.

58.     Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

59.     The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

60.     This Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different Parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

61.     This Order shall become effective as a stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

DATED:  August 12, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN
AVITAL O. MALINA


*/s/ Erin W. Boardman*
ERIN W. BOARDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
amalina@rgrdlaw.com

JOHNSON FISTEL, PLLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
michaelf@johnsonfistel.com

JOHNSON FISTEL, PLLP
RALPH M. STONE
620 Fifth Avenue, 2nd Floor
New York, NY  10020
Telephone:  212/292-5690
ralphs@johnsonfistel.com

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

*Counsel for City of Warren Police and Fire
Retirement System*

- 24 -

DATED:  August 12, 2025

SIMPSON THACHER
  & BARTLETT LLP
JONATHAN K. YOUNGWOOD
JANET GOCHMAN

*/s/ Jonathan K. Youngwood*
JONATHAN K. YOUNGWOOD

425 Lexington Avenue
New York, NY  10017
Telephone:  212/455-3539
212/455-2502 (fax)
jyoungwood@stblaw.com
jgochman@stblaw.com

*Counsel for Defendants NAPCO Securities*
*Technologies, Inc., Richard L. Soloway, Kevin S.*
*Buchel, Paul Stephen Beeber, Rick Lazio, Donna*
*Soloway, Robert Ungar, and Andrew J. Wilder*

DATED:  August 12, 2025

DLA PIPER LLP (US)
JOHN J. CLARKE JR.

*/s/ John J. Clarke, Jr.*
JOHN J. CLARKE JR.

1251 Avenue of the Americas
New York, NY  10020-1104
Telephone:  212/335-4500
212/335-501 (fax)
john.clarke@us.dlapiper.com

*Counsel for the Underwriter Defendants*

\*     \*     \*

**O R D E R**

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————— x

RANDY ZORNBERG, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

     vs.

NAPCO SECURITY TECHNOLOGIES, INC.,
RICHARD L. SOLOWAY, KEVIN S.
BUCHEL, PAUL STEPHEN BEEBER, RICK
LAZIO, DONNA SOLOWAY, ROBERT
UNGAR, ANDREW J. WILDER, NEEDHAM
& COMPANY, LLC, and WILLIAM BLAIR
& COMPANY, L.L.C.,

                Defendants.

——————————————————— x

Civil Action No. 1:23-cv-06465-BMC

<u>CLASS ACTION</u>

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER RESTRICTING
DISCLOSURE OF CONFIDENTIAL
INFORMATION**

I, _____, acknowledge that I have read and understand the terms of the Protective Order entered in this Action governing the protection of Confidential or Highly Confidential Discovery Material.  I agree that I will not disclose Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this Action and as expressly permitted under the terms of the Protective Order.  I further agree that, upon the request of the Producing Party, within thirty (30) days of the conclusion of the Action, I will return all Confidential or Highly Confidential Discovery Material in my custody, possession, or control to the Producing Party or attorney from whom I received it or certify in writing that said information has been destroyed.  By acknowledging these obligations, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising under the Protective Order and that my willful violation of any term thereunder could subject me to punishment for contempt of Court.

Date: _____ Signature: _____

                                                      Printed Name: _____