**ROBBINS GELLER RUDMAN & DOWD LLP**
58 South Service Road, Suite 200
Melville, New York 11747
(631) 367-7100

**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

**JOHNSON FISTEL, PLLP**
40 Powder Springs Street
Marietta, Georgia 30064
(470) 632-6000

October 17, 2025

*By ECF*

Hon. Brian M. Cogan
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Zornberg v. NAPCO Security Techs., Inc.*, No. 1:23-cv-6465-BMC (E.D.N.Y.)

Dear Judge Cogan,

We write on behalf of all parties in this action.  We are writing to request the Court's approval of the enclosed joint stipulation and proposed order providing for certification of a class with respect to the claims asserted in this action under the Securities Exchange Act of 1934 ("Exchange Act") and the dismissal with prejudice of the claims asserted in this action under the Securities Act of 1933 ("Securities Act").

If approved, the stipulation and order: (1) would eliminate the need for class certification discovery, expert reports, further briefing on class certification, and the possibility of interlocutory appeal from any class certification ruling; (2) would simplify proceedings by dismissing the only claims asserted against five of the seven individual defendants and both of the underwriter defendants; and (3) would focus further proceedings on the facts and issues that pertain to the Exchange Act claims asserted against NAPCO Security Technologies, Inc. ("NAPCO"), Richard L. Soloway, and Kevin S. Buchel.  No consideration is being provided to plaintiffs (or their counsel) in connection with these matters.  A brief summary of the background of, and reasons for, the stipulation is provided below.

<u>The Claims and Plaintiffs' Motion for Class Certification</u>

This is a putative class action under the federal securities laws.  On February 16, 2024, lead plaintiff Donald W. Hutchings, individually and as trustee of several trusts ("Lead Plaintiff") and additional plaintiff City of Warren Police and Fire Retirement System ("Additional Plaintiff," and with Lead Plaintiff, "Plaintiffs") filed their amended complaint asserting two sets of claims. [ECF No. 40].  First, the amended complaint asserted claims against NAPCO, Mr. Soloway, and Mr. Buchel under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated

thereunder, based on challenged statements between November 7, 2022 and August 18, 2023, inclusive (the "Exchange Act Claims"). Second, the amended complaint asserted claims under Sections 11, 12(a)(2), and 15 of the Securities Act based on a secondary offering of NAPCO common stock pursuant to a prospectus supplement dated February 10, 2023 (the "Securities Act Claims"), against those three defendants as well as individual defendants Paul Stephen Beeber, Rick Lazio, Donna Soloway, Robert Ungar, and Andrew J. Wilder (collectively, the "NAPCO Defendants"), and underwriter defendants Needham & Co., LLC and William Blair & Co., L.L.C. (the "Underwriter Defendants"). For both, plaintiffs allege that NAPCO's restatement of its interim financial statements for the quarters ended September 30, 2022, December 31, 2022, and March 31, 2023, which the Company announced on August 18, 2023, amounted to an admission that earlier disclosures were materially misleading.

In an opinion and order entered on April 11, 2025, the Court dismissed the claims asserted against the individual defendants under Sections 11(a) and 12(a)(2) of the Securities Act but otherwise denied the motions to dismiss. Defendants filed their respective answers as to the Exchange Act and Securities Act Claims that were not dismissed on May 12, 2025. [ECF Nos. 61, 64].

On September 29, 2025, Plaintiffs filed their motion for class certification. [ECF Nos. 73, 74, 75]. The motion sought certification of a class comprised of "[t]hose who purchased or otherwise acquired NAPCO common stock: (i) between November 7, 2022 and August 18, 2023, inclusive and were damaged thereby; and/or (ii) pursuant or traceable to the registration statement and prospectuses issued in connection with the offering of NAPCO common stock [that closed] on or about February 13, 2023, and were damaged thereby." Defendants' papers in opposition to the motion for class certification are due by November 14, 2025 under the case management order previously entered by the Court.

## The Stipulation and Proposed Order

The parties have discussed the issues presented by Plaintiffs' motion for class certification. These issues include the burden Plaintiffs would face in obtaining certification of a Securities Act class when, at the time of the secondary offering, significant shares of common stock already were outstanding in the securities markets; the limited class-wide damages available for the Securities Act Claims given NAPCO's stock price at the time of the amended complaint; the additional burden and expense for all parties if the Securities Act claims are litigated despite these issues; and the fact that the members of a Securities Act class, even if one were certified, also would be members of the proposed Exchange Act class.

In view of the foregoing and given the substantial anticipated expense associated with preparing expert reports and an opposition brief on class certification, the NAPCO Defendants offered to stipulate to certification of Plaintiffs' proposed Exchange Act class in return for Plaintiffs' agreement to dismiss the Securities Act Claims against all of the Defendants with prejudice. As the stipulation and proposed order reflects, Plaintiffs accepted that proposal. No additional consideration was offered or is being provided, and all parties will bear their own costs.

The stipulation requests that the Court approve the dismissal with prejudice of the Securities Act Claims against all Defendants pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Plaintiffs also have consented to a future motion for entry of partial judgment under Rule 54(b) as to the dismissed claims, which the defendants intend to present to the Court separately if the stipulation is approved.

The stipulation further requests the Court to certify the following stipulated class for the Exchange Act Claims pursuant to Rules 23(a) and 23(b)(3):

> Those who purchased or otherwise acquired NAPCO common stock between November 7, 2022 and August 18, 2023, inclusive, and were damaged thereby.  Excluded from the Class are: (i) Defendants and members of their immediate families; (ii) the officers and directors of NAPCO, at all relevant times, and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant has or had a controlling interest.

> Notwithstanding any provision to the contrary, any Investment Vehicle shall not be excluded from the Class.  "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual funds, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor, but in which any of the Underwriter Defendants alone or together with their respective affiliates is not a majority owner or does not hold a majority beneficial interest.

In connection with that relief, Plaintiffs also request the Court to appoint the Lead Plaintiff and the Additional Plaintiff as class representatives and requests the Court to appoint Robbins Geller Rudman & Dowd LLP and Johnson Fistel, PLLP as class counsel pursuant to Rule 23(g).[1]  The backgrounds and qualifications of the proposed class representatives and proposed class counsel are set forth in Plaintiffs' motion for class certification.  *See* Plaintiffs' Class Cert. Mem. Law at 5, 8-10, 23.

## Conclusion and Request for Relief

For the foregoing reasons, all parties respectfully request that the Court approve the stipulation and proposed order in the form submitted with this joint letter.

Respectfully submitted,

---

[1] Defendants take no position with respect to these requests.

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN
AVITAL O. MALINA


               */s/ Erin W. Boardman*
               ERIN W. BOARDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: (631) 367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
amalina@rgrdlaw.com

JOHNSON FISTEL, PLLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone: (470) 632-6000
michaelf@johnsonfistel.com

JOHNSON FISTEL, PLLP
RALPH M. STONE
620 Fifth Avenue, 2nd Floor
New York, NY  10020
Telephone: (212) 292-5690
ralphs@johnsonfistel.com

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone: (313) 578-1200
tmichaud@vmtlaw.com

*Counsel for City of Warren Police and Fire Retirement System*

SIMPSON THACHER
   & BARTLETT LLP
JONATHAN K. YOUNGWOOD
JANET GOCHMAN


*/s/ Jonathan K. Youngwood*
JONATHAN K. YOUNGWOOD

425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-3539
Fax: (212) 455-2502
jyoungwood@stblaw.com
jgochman@stblaw.com

*Counsel for Defendants NAPCO Securities
Technologies, Inc., Richard L. Soloway, Kevin S. Buchel,
Paul Stephen Beeber, Rick Lazio, Donna Soloway,
Robert Ungar, and Andrew J. Wilder*

DLA PIPER LLP (US)
JOHN J. CLARKE JR.


*/s/ John J. Clarke, Jr.*
JOHN J. CLARKE JR.

1251 Avenue of the Americas
New York, NY  10020-1104
Telephone: (212) 335-4500
Fax: (212) 335-501
john.clarke@us.dlapiper.com

*Counsel for the Underwriter Defendants*