UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————— x

RANDY ZORNBERG, Individually and on　:　Civil Action No. 1:23-cv-06465-BMC
Behalf of All Others Similarly Situated,　:
　　　　　　　　　　　　　　　　　　:　CLASS ACTION
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Plaintiff,　:　Judge Brian M. Cogan
　　　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
NAPCO SECURITY TECHNOLOGIES, INC.,　:
RICHARD L. SOLOWAY, KEVIN S.　　　:
BUCHEL, PAUL STEPHEN BEEBER, RICK　:
LAZIO, DONNA SOLOWAY, ROBERT　　:
UNGAR, ANDREW J. WILDER, NEEDHAM　:
& COMPANY, LLC, and WILLIAM BLAIR　:
& COMPANY, L.L.C.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　:
　　　　　　　　　　　　　　　　　　:

—————————————————————— x

## JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING CLASS CERTIFICATION AND DISMISSAL OF SECURITIES ACT CLAIMS

Lead plaintiff Donald W. Hutchings, individually and as trustee of several trusts ("Lead Plaintiff"), additional plaintiff City of Warren Police and Fire Retirement System ("Additional Plaintiff" and together with Lead Plaintiff, "Plaintiffs"), defendants NAPCO Security Technologies, Inc. ("NAPCO"), Richard L. Soloway, Kevin S. Buchel, Paul Stephen Beeber, Rick Lazio, Donna Soloway, Robert Ungar, and Andrew J. Wilder (collectively the "Individual Defendants" and together with NAPCO, "NAPCO Defendants"), and underwriter defendants Needham & Company, LLC and William Blair & Company, L.L.C. (collectively "Underwriter Defendants" and together with NAPCO Defendants, "Defendants") hereby file this Joint Stipulation Concerning (i) Plaintiffs' Motion For Class Certification and Appointment of Class Representatives and Class Counsel and (ii) the dismissal, with prejudice, of Plaintiffs' claims under the Securities Act of 1933 (the "Securities Act").

WHEREAS, on February 16, 2024, Plaintiffs filed their Amended Complaint For Violations of the Federal Securities Laws (the "Amended Complaint") wherein: (1) Plaintiffs asserted claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder against NAPCO, Mr. Soloway, and Mr. Buchel as well as under Section 20(a) against Mr. Soloway and Mr. Buchel ("Exchange Act Claims") and (2) Additional Plaintiff separately asserted claims under Section 11 and 12(a)(2) of the Securities Act against Defendants as well as under Section 15 against the Individual Defendants ("Securities Act Claims");

WHEREAS, on April 26, 2024, Defendants filed a Motion to Dismiss the Amended Complaint;

WHEREAS, on April 11, 2025, the Court granted Defendant's Motion to Dismiss as to Additional Plaintiff's Section 11 and 12(a)(2) claims with respect to the Individual Defendants, but otherwise denied the Motion to Dismiss;

WHEREAS, on May 12, 2025, NAPCO Defendants and Underwriter Defendants filed their respective Answers to the remaining claims asserted in the Amended Complaint;

WHEREAS, pursuant to the June 16, 2025 civil case management plan adopted by the Court, on September 29, 2025, Plaintiffs filed a motion under Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(g) (the "Class Certification Motion") seeking an order: (i) certifying this action to proceed as a class action on behalf of the following class:

> Those who purchased or otherwise acquired NAPCO common stock: (i) between November 7, 2022 and August 18, 2023, inclusive and were damaged thereby; and/or (ii) pursuant or traceable to the registration statement and prospectuses issued in connection with the offering of NAPCO common stock on or about February 13, 2023, and were damaged thereby;

(ii) appointing Plaintiffs to serve as class representatives of the class as defined above; and

(iii) appointing Robbins Geller Rudman & Dowd LLP and Johnson Fistel, PLLP as class counsel;

WHEREAS, to promote efficiency and conserve both the Court's and the parties' resources, after meeting and conferring, Defendants have agreed not to oppose Plaintiffs' Class Certification Motion with respect to Plaintiffs' Exchange Act Claims only and to defer Plaintiffs' depositions until the end of fact discovery, and Plaintiffs have agreed not to oppose the Court's dismissal of the Securities Act Claims with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2), thereby mooting the Class Certification Motion as it relates to those claims;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their undersigned counsel of record, subject to the approval of the Court, that:

1. Pursuant to Rule 41(a)(2), the Court hereby dismisses with prejudice the Securities Act Claims set forth in the Amended Complaint as Counts III, IV and V. All claims against the following Defendants are dismissed with prejudice as a result: Paul Stephen Beeber; Rick Lazio; Donna Soloway; Robert Ungar; Andrew J. Wilder; Needham & Company, LLC; and William Blair & Company, L.L.C. (collectively, the "Dismissed Parties"). The Securities Act Claims also are dismissed against NAPCO, Richard L Soloway, and Kevin S. Buchel.

2. The Dismissed Parties shall bear their own costs, and Plaintiffs shall bear their own costs with respect to the Securities Act Claims. No payment is being made as consideration for the dismissal of the Securities Act Claims, and no notice is necessary related to the dismissal of the Securities Act Claims.

3. If the Court approves this stipulation, defendants intend to file a motion seeking entry of partial judgment with respect to the Securities Act Claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and Plaintiffs will consent to that relief.

4.      The dismissal of the Securities Act Claims does not affect Plaintiffs' claims under the Exchange Act against NAPCO, Mr. Soloway, and Mr. Buchel.

5.      Pursuant to Rules 23(a) and 23(b)(3), this action is CERTIFIED to proceed as a class action.  The Class is defined as, and shall be, as follows:

> Those who purchased or otherwise acquired NAPCO common stock between November 7, 2022 and August 18, 2023, inclusive, and were damaged thereby.  Excluded from the Class are: (i) Defendants and members of their immediate families; (ii) the officers and directors of NAPCO, at all relevant times, and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant has or had a controlling interest.

> Notwithstanding any provision to the contrary, any Investment Vehicle shall not be excluded from the Class.  "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual funds, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants have, has or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor, but in which any of the Underwriter Defendants alone or together with their respective affiliates is not a majority owner or does not hold a majority beneficial interest.

6.      Lead plaintiff Donald W. Hutchings, individually and as trustee of several trusts and Additional Plaintiff City of Warren Police and Fire Retirement System are hereby appointed to serve as Class Representatives of the Class as defined above. [1]

7.      The law firms of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, PLLP are hereby appointed to serve as Class Counsel pursuant to Rule 23(g).

8.      The parties expressly reserve all other rights of any kind (whether procedural or substantive).  Nothing herein should be construed as an admission, whether explicit or implicit, by Defendants as to any factual or legal issues for purposes of determining liability or damages in this

---

[1] Defendants take no position with respect to Paragraphs 6 and 7.

action.  Nothing herein should be construed as an admission, whether explicit or implicit, by

Plaintiffs as to the merits of the Securities Act Claims.

DATED: October 17 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN
AVITAL O. MALINA

ERIN W. BOARDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: (631) 367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com
amalina@rgrdlaw.com

JOHNSON FISTEL, PLLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone: (470) 632-6000
michaelf@johnsonfistel.com

JOHNSON FISTEL, PLLP
RALPH M. STONE
620 Fifth Avenue, 2nd Floor
New York, NY  10020
Telephone: (212) 292-5690
ralphs@johnsonfistel.com

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone: (313) 578-1200
tmichaud@vmtlaw.com

*Counsel for City of Warren Police and Fire Retirement System*

- 5 -

DATED: October 17, 2025

SIMPSON THACHER
  & BARTLETT LLP
JONATHAN K. YOUNGWOOD
JANET GOCHMAN

_____
JONATHAN K. YOUNGWOOD

425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-3539
Fax: (212) 455-2502
jyoungwood@stblaw.com
jgochman@stblaw.com

*Counsel for Defendants NAPCO Securities*
*Technologies, Inc., Richard L. Soloway, Kevin S. Buchel,*
*Paul Stephen Beeber, Rick Lazio, Donna Soloway,*
*Robert Ungar, and Andrew J. Wilder*

DATED:  October 17, 2025

DLA PIPER LLP (US)
JOHN J. CLARKE JR.

_____
JOHN J. CLARKE JR.

1251 Avenue of the Americas
New York, NY  10020-1104
Telephone: (212) 335-4500
Fax: (212) 335-501
john.clarke@us.dlapiper.com

*Counsel for the Underwriter Defendants*

SO ORDERED:

_____
U.S.D.J.

- 6 -