**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Erin W. Boardman
eboardman@rgrdlaw.com

January 28, 2026

<u>VIA ECF</u>

Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Zornberg v. NAPCO Sec. Techs., Inc.*, No. 1:23-cv-06465-BMC (E.D.N.Y.)

Dear Judge Cogan:

  Pursuant to the Court's Individual Practices III.B, Plaintiffs[1] respectfully submit this letter to request a pre-motion conference regarding their anticipated motion for leave to file the [Proposed] Second Amended Complaint ("PSAC"), submitted herewith in redacted form as Exhibit A. Plaintiffs seek the Court's guidance as to whether amendment to the Amended Complaint ("AC") (ECF 40) is necessary in light of facts developed through discovery since its filing.[2]

  Plaintiffs' AC includes Securities Act of 1933 claims and numerous defendants that have been voluntarily dismissed by agreement of the parties in connection with the stipulated certification of a class of investors. ECF 77. In addition, the AC contains confidential witness accounts of a scheme whereby Defendants halted shipments at quarter end such that "sold" product could be counted as inventory. *Id*. ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Because this theory of scienter is already included in the AC (*see, e.g.*, ECF 40 at ¶¶113-114, 138), and since the Court relied only upon Defendants' stock sales in finding Plaintiffs pled a strong inference of scienter (*see Zornberg v. NAPCO Sec. Techs., Inc.*, 778 F. Supp. 3d 516, 526-28 (E.D.N.Y. 2025)), Plaintiffs do not believe that further amendment is required. Indeed, Plaintiffs do *not* seek to add new claims or new parties, challenge new alleged misstatements, or alter the class period.

  The Second Circuit has held that amendment is unnecessary where factual development through discovery does not alter the core allegations and defendants have notice of the claims against them. *See In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 242 n.11 (2d Cir. 2016) (holding that inclusion of additional alleged misstatements on a jury verdict form did not violate PSLRA where defendants were on notice through discovery and expert reports, even though some

---

[1] "Plaintiffs" refers to Class Representatives Donald W. Hutchings and City of Warren Police and Fire Retirement System. "Defendants" refers to Napco Security Technologies, Inc. ("NAPCO"), Richard L. Soloway, and Kevin S. Buchel. Citations are omitted.

[2] A redline of the PSAC and the AC is submitted herewith in redacted form as Exhibit B.

**Robbins Geller**
**Rudman & Dowd** LLP

Honorable Brian M. Cogan, U.S.D.J.
January 28, 2026
Page 2

statements were not pleaded); *see also Chabot v. Walgreens Boots All., Inc.*, 2023 WL 2908827, at *14 n.7 (M.D. Pa. Mar. 31, 2023) ("the PSLRA only sets a pleading standard; it does not 'bind[ ] . . . plaintiffs to the precise set of alleged misstatements identified in their complaint throughout the entire course of litigation.'") (citing *Vivendi*, 838 F.3d at 242 n.11).

However, if the Court finds that amendment is appropriate, Plaintiffs' motion to amend should be governed by Rule 15(a)(2)'s liberal standard. "Courts 'should freely give leave when justice so requires.'" *Bertini v. Smith & Nephew, Inc.*, 2013 WL 6332684, at *5 (E.D.N.Y. July 15, 2013) (Cogan, J.) (quoting Fed. R. Civ. P 15(a)(2)). The Court's Scheduling Order states that "[a]mended pleadings may be filed without leave of the Court until November 17, 2025," thus establishing only a deadline for amendment as of right. *See* ECF 69 at 4. As the Second Circuit has explained, where a scheduling order "set[s] the deadline . . . for amending without leave of court" but "set[s] no expiration date after which all amendments were prohibited," the stricter Rule 16(b)(4) "good cause" standard is not triggered. *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). Instead, Rule 15 applies, and "a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 310 (S.D.N.Y. 2021), *aff'd in part sub nom. Sherman v. Abengoa, S.A.*, 156 F.4th 152 (2d Cir. 2025).

None of those circumstances applies here. Plaintiffs seek amendment in good faith based on facts uncovered through discovery, and the PSAC is not futile because it further strengthens scienter allegations the Court has already sustained. *See Zornberg*, 778 F. Supp. 3d at 526-28. Moreover, Defendants, as the party opposing amendment, cannot carry their "burden of showing undue prejudice or bad faith." *United Coal Co., LLC v. Xcoal Energy & Res.*, 2024 WL 4533349, at *4 (S.D.N.Y. Oct. 21, 2024). An amendment *only* prejudices a non-moving party if "the proposed amendment 'would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute[.]"'" *Abengoa*, 559 F. Supp. 3d at 314. Here, the PSAC does not assert any new claims or name new defendants. And the mere "prospect of spending more time, effort, or money on litigation— including through additional discovery and motion practice—does not render an amended complaint unduly prejudicial." *Id.*

Even if the Court were to apply Rule 16's more stringent standard (which it should not), Plaintiffs are able to show "good cause." The "primary consideration in determining whether good cause exists is whether the moving party can demonstrate diligence." *In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *7 (S.D.N.Y. July 24, 2024). Courts routinely hold that, where a motion to amend is based on information learned in discovery, diligence is established when the movant seeks leave to amend within months of obtaining the relevant discovery. *See Sjunde AP-Fonden v. Gen. Elec. Co.*, 341 F.R.D. 542, 551 (S.D.N.Y. 2022) (rejecting defendants' argument that "[p]laintiffs should have moved to amend *earlier* in the fact discovery process" when "some of the documents . . . on which [plaintiffs] rely were *produced* less than five months ago" and "[g]iven the complexity of Plaintiffs' allegations"); *see also Ambac Assurance Corp. v. EMC*

**Robbins Geller
Rudman & Dowd** LLP

Honorable Brian M. Cogan, U.S.D.J.
January 28, 2026
Page 3

*Mortg. Corp.*, 2010 WL 11595698, at \*6-\*7 (S.D.N.Y. Dec. 16, 2010) (finding good cause where a securities-fraud plaintiff "waited almost a year in some cases, and in no case less than six months, *after* it obtained the relevant discovery" to move for amendment).[3]

      Here, Plaintiffs seek to amend more than one month prior to the current deadline for fact discovery. Plaintiffs have acted diligently by reviewing and analyzing more than 91,000 documents produced to date by Defendants and third parties—many of which required analysis of complex accounting issues. Based on that review, Plaintiffs promptly sought leave to amend approximately two and-a-half months after Defendants' most recent production, on November 12, 2025.

      Thus far, Defendants have made a total of six documents productions—three of which occurred after the October 13, 2025 deadline for the Substantial Completion of Document Production.[4] *See* ECF 69 at 4. Although Defendants made their latest document production before November 17, 2025, the volume of the productions and the complexity of the accounting issues required a reasonable period of time for Plaintiffs to review, identify, and incorporate the new evidence concerning scienter into their theory of the case.[5]

      Accordingly, if the Court determines that amendment is necessary, Plaintiffs should be granted leave to amend under Rule 15's liberal standard. But even if Rule 16(b)(4) governs, Plaintiffs can demonstrate good cause based on their diligence and the absence of undue prejudice to Defendants.

---

[3]   Courts in non-securities cases likewise recognize that parties act diligently by seeking leave to amend within a reasonable time after obtaining relevant facts through discovery. *See Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 398-99 (S.D.N.Y. 2017) (moving to amend within a "few months" after receiving relevant discovery showed diligence, even if plaintiffs could have investigated the issue earlier); *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 361 (S.D.N.Y. 2014) (plaintiffs demonstrated a sufficient "modicum of diligence" by moving to amend the complaint nearly six months after discovery); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (motion to amend filed nine months after scheduling order deadline—but within two months of acquiring relevant information in discovery—demonstrated diligence).

[4]   Defendants made document productions on the following dates: September 23, 2025, October 2, 2025, October 11, 2025, October 17, 2025, November 4, 2025, and November 12, 2025.

[5]   Plaintiffs dispute that Defendants' document production is complete. Defendants have not yet produced documents that NAPCO produced to the U.S. Securities and Exchange Commission in connection with its related investigation of NAPCO, which Plaintiffs contend should be produced in this case. Plaintiffs also continue to seek documents they believe Defendants have improperly withheld as privileged (which they outlined in a letter to Defendants on December 22, 2025, to which Defendants have not yet responded). And Plaintiffs continue to seek documents from non-parties, including NAPCO's internal controls consultant (which is represented by the same counsel as Defendants).

**Robbins Geller
Rudman & Dowd** LLP

Honorable Brian M. Cogan, U.S.D.J.
January 28, 2026
Page 4

Respectfully submitted,

ERIN W. BOARDMAN