**Robbins Geller**
**Rudman & Dowd** LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Erin W. Boardman
eboardman@rgrdlaw.com

February 11, 2026

VIA ECF

Honorable Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Zornberg v. NAPCO Sec. Techs., Inc.*, No. 1:23-cv-06465-BMC (E.D.N.Y.)

Dear Judge Cogan:

We represent Class Representatives Donald W. Hutchings and City of Warren Police and Fire Retirement System ("Plaintiffs") and write seeking the Court's guidance on a statement in its February 9, 2026 Order (the "Order") granting Plaintiffs leave to file the Second Amended Complaint.

As you will recall, Defendants' February 2, 2026 opposition letter argued that if amendment were allowed, "Plaintiffs should be precluded from serving any additional document discovery." ECF 83 at 3. On February 4, 2026, in connection with a different conferral, Plaintiff assured Defendants in writing, "Plaintiffs do not intend to serve new document requests on Defendants, nor do we expect to seek additional fact depositions beyond the number allowed under the Federal Rules."

In allowing amendment, the Court's February 9, 2026 Order states, "However, because plaintiffs' motion to amend comes so late in the discovery period, plaintiffs are prohibited from serving any further discovery requests based on their new theory."

Plaintiffs seek clarification as to whether the Court's Order precludes only further requests for production, or whether it also applies to interrogatories, requests for admission, and Rule 30(b)(6) deposition topics. If the Order does apply to interrogatories, requests for admission, and Rule 30(b)(6) deposition topics, Plaintiffs also request clarification as to whether the Order precludes Plaintiffs from propounding discovery that would also have been relevant to, and served under, the Amended Complaint (ECF 40), such as Defendants' recklessness in allowing NAPCO to file its false financials.

The deadline for the parties to serve interrogatories and requests for admission is tomorrow, February 12, 2026. ECF 69. Therefore, the Court's guidance on the scope of its Order would be greatly appreciated.

**Robbins Geller**
**Rudman & Dowd** LLP

Honorable Brian M. Cogan, U.S.D.J.
February 11, 2026
Page 2

Respectfully submitted,

ERIN W. BOARDMAN