UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY ZORNBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAPCO SECURITY TECHNOLOGIES, INC., RICHARD L. SOLOWAY, and KEVIN S. BUCHEL,<br><br>Defendants. | Civil Action No. 1:23-cv-06465-BMC<br><br><u>CLASS ACTION</u><br><br>~~[PROPOSED]~~ ORDER PRELIMINARY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, an action is pending before this Court entitled *Zornberg v. NAPCO Security Technologies, Inc., et al.*, Civil Action No. 1:23-cv-06465-BMC (E.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiff Donald W. Hutchings and Plaintiff City of Warren Police and Fire Retirement System ("Plaintiffs") having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated August 25, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein, and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; (d) being fair, reasonable, and adequate to the Class; and (e) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on December 17, 2026, at 1:30 p.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, NY 11201, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.13 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiff; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice, annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.*, which shall be paid by Defendants, and the costs associated with providing the record holder information required pursuant to ¶6(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6. The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) NAPCO shall use its best efforts to provide or cause to be provided to the Claims Administrator, not later than ten (10) calendar days after entry by this Court of this Order, at no cost to Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of NAPCO common stock during the Class Period, as set forth in the records of NAPCO's transfer agent;

(b) Not later than September 29, 2026 (the "Notice Date") (a date that is twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email address is unavailable) to all potential Class Members at the addresses set forth in the records provided by NAPCO, or who otherwise can be identified with reasonable effort, shall cause a copy of the Postcard Notice to be mailed to nominees, and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at

www.NAPCOSecuritiesSettlement.com. For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(c) Not later than October 6, 2026 (a date that is seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publishing.

7. Nominees who purchased or otherwise acquired NAPCO common stock during the Class Period for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (b) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email address is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for

which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing include up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

8. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than December 28, 2026 (a date that is ninety (90) calendar days from the Notice Date). Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion, whether to accept late-submitted Claims.

10. Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

11. Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than November 26, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must provide: (a) the name, address, email address, and telephone number of the Person requesting exclusion; (b) a list identifying the dates and the number of shares of NAPCO common stock purchased or otherwise acquired and sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (c) a statement that the Person wishes to be excluded from the Class, signed by the person or entity requesting exclusion or an authorized representative. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired NAPCO common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be: (a) deemed to have waived his, her, its, or their right to be excluded from the Class; (b) barred from requesting exclusion from the Class; (c) bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or

unfavorable to the Class; and (d) barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶9. Any Person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation, and shall not receive any payment out of the Net Settlement Fund.

12. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than three (3) calendar days from receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

13. Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why the requested amount of attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or to Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before November 26, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Johnson Fistel, PLLP, Attn: Michael I. Fistel, Jr., 40 Powder Springs Street, Marietta, GA 30064; Simpson Thacher & Bartlett LLP, Attn: Jonathan K.

Youngwood, 425 Lexington Avenue, New York, NY 10017, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Eastern District of New York, on or before November 26, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the request for attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses to Plaintiffs' Counsel are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

14. Any objections, filings, and other submissions by an objecting Class Member must: (a) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (b) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (c) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases or acquisitions and sales of NAPCO common stock during the Class Period, including the dates and the number of shares purchased, acquired, or sold, and the price paid or

received for each such purchase, acquisition or sale; and (d) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

15. Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order, and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

16. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than November 12, 2026 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing). Replies to any objections shall be filed and served no later than December 10, 2026 (a date that is seven (7) calendar days prior to the Settlement Hearing).

18. Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating

thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

20. All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.12 or 2.14 of the Stipulation.

21. Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22. Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other action, or of any liability, fault, or other

wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties, the Releasing Plaintiff Parties, and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement. The Released Defendant Parties, the Releasing Plaintiff Parties, and each of their counsel may use the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Stipulation, this Order and/or the Judgment may also be used

in any insurance coverage litigation, and in any proceeding to approve, enforce, or otherwise effectuate the Stipulation (or any agreement or order relating thereto) or the Judgment.

23. If the Stipulation and the Settlement set forth therein are not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, the Settlement, and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties' *status quo ante* as of May 1, 2026.

24. Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED: September 8, 2026

Brian M. Cogan

THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY ZORNBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAPCO SECURITY TECHNOLOGIES, INC., RICHARD L. SOLOWAY, and KEVIN S. BUCHEL,<br><br>Defendants. | Civil Action No. 1:23-cv-06465-BMC<br><br><u>CLASS ACTION</u><br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT 1 |

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED NAPCO SECURITY TECHNOLOGIES, INC. ("NAPCO") COMMON STOCK BETWEEN NOVEMBER 7, 2022, AND AUGUST 18, 2023, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW. NAPCOSECURITIESSETTLEMENT.COM) ON OR BEFORE ___________, 2026**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Donald W. Hutchings and City of Warren Police and Fire Retirement System ("Plaintiffs") and NAPCO, Richard L. Soloway, and Kevin S. Buchel ("Defendants"); (ii) the proposed $20 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated August 25, 2026 (the "Stipulation"), by and between Plaintiffs and Defendants (the "Parties" or "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before ________, 2026.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any |

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.NAPCOSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked on or before _________, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before ________, 2026. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON ___________, 2026** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before __________, 2026.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement, and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $20 million cash settlement fund has been established. Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of NAPCO common stock under the Plan of Allocation is approximately $1.23, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages ___ through ____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of NAPCO common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of NAPCO common stock was allegedly artificially inflated (if at all) during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount, plus expenses not to exceed $700,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.[2] In addition, Lead Plaintiff may seek an award of $15,000 in accordance with 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class. If the amounts requested are approved by the Court, the average cost per NAPCO common share will be approximately $0.45.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at_____________, or visit the website, www.NAPCOSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com or Michael I. Fistel, Jr., Johnson Fistel, PLLP, 40 Powder Springs Street, Marietta, GA 30064, 470-632-6000, michaelf@johnsonfistel.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the

---

[2] Plaintiffs' Counsel refers to Lead Counsel, Robbins Geller Rudman & Dowd LLP and Johnson Fistel, PLLP, and additional counsel VanOverbeke, Michaud & Timmony, P.C.

Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of New York, and the case is known as *Zornberg v. NAPCO Security Technologies, Inc., et al.*, No. 1:23-cv-06465-BMC. The case has been assigned to the Honorable Brian M. Cogan. The individual and entity representing the Class are the "Plaintiffs," and the company and individuals they sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

### 2. What is this lawsuit about?

The initial complaint in the Litigation was filed on August 29, 2023, and asserted claims under the Securities Exchange Act of 1934 ("Exchange Act"). On November 14, 2023, the Court appointed Donald W. Hutchings as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP and Johnson Fistel, PLLP as Lead Counsel.

On February 16, 2024, Lead Plaintiff filed his Amended Complaint for Violations of the Federal Securities Laws, adding as defendants a number of NAPCO Board Members and the underwriters of NAPCO's secondary stock offering (the "Amended Complaint"). The Amended Complaint also added City of Warren Police and Fire Retirement System as a plaintiff asserting claims under the Securities Act of 1933 (the "Securities Act") in addition to the Exchange Act claims.

On April 26, 2024, the then-named defendants moved to dismiss the Amended Complaint. Plaintiffs filed their opposition brief on June 24, 2024, and Defendants filed their reply on August 1, 2024. On April 11, 2025, the Court issued its Memorandum Decision and Order granting in part and denying in part the motion to dismiss. The then-named defendants answered the Amended Complaint on May 12, 2025.

The Court entered the Parties' proposed Civil Case Management Plan on June 17, 2025. The Parties then conducted extensive document and other written discovery.

Plaintiffs filed their motion for class certification on September 29, 2025. Defendants agreed not to oppose certification of Plaintiffs' Exchange Act claims if Plaintiffs agreed to dismiss their Securities Act claims. Upon the Court's entry of the Parties' proposed stipulation, the Securities Act claims were dismissed with prejudice, the Former Defendants were dismissed from the Litigation, and the Class was certified.

On February 9, 2026, the Court granted Plaintiffs' motion to file a second amended complaint, and Plaintiffs filed the Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") on the same day. Defendants answered the Complaint on February 23, 2026.

On April 15, 2026, Plaintiffs and Defendants each requested a pre-motion conference in advance of moving for summary judgment. Plaintiffs and Defendants filed their responses on April 24, 2026. Their requests were pending at the time this Settlement was reached.

Plaintiffs and Defendants participated in a voluntary confidential mediation session with David Murphy (of Phillips ADR), an experienced mediator, on January 15, 2026. The mediation session was preceded by the submission and exchange of mediation statements by both Plaintiffs and Defendants. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. Following additional settlement discussions with Mr. Murphy, on May 1, 2026, the Parties agreed to settle the Litigation in return for a cash payment of $20 million to be paid by or on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) has been duly executed by the Settling Parties and reflects their final and binding agreement.

## 3. Why is there a settlement?

The Court has not decided in favor of Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the remaining claims against the remaining Defendants, neither Plaintiffs nor the other Members of the Class would recover anything from Defendants. Also, if Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

**4. How do I know if I am a Member of the Class?**

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired NAPCO common stock between November 7, 2022, and August 18, 2023, inclusive, and were damaged thereby. Excluded from the Class are: (i) Defendants and Former Defendants and members of their immediate families; (ii) the officers and directors of NAPCO during the Class Period, and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant or Former Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

Notwithstanding any provision to the contrary, any Investment Vehicle is not excluded from the Class. "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual funds, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any of the Underwriter Defendants (Former Defendants dismissed from the case in October 2025) have, has, or may have a direct or indirect interest, or as to which it or its affiliates may act as an investment advisor, but in which any of the Underwriter Defendants alone or together with their respective affiliates is not a majority owner or does not hold a majority beneficial interest.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before __________, 2026.

**5. What if I am still not sure if I am included in the Class?**

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at_____________, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6. What does the Settlement provide?**

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, the Company has agreed to pay or cause to be paid $20 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation and who would receive at least $10.00. The Plan of Allocation is described in more detail at the end of this Notice.

**7. How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

**8. How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.NAPCOSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *NAPCO Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box ______, Los Angeles, CA 90030-______) **or submit it online at www.NAPCOSecuritiesSettlement.com so that it is postmarked or received no later than __________, 2026**.

**9. When will I get my payment?**

**The Court will hold a Settlement Hearing on __________, 2026, at ______.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

**10. What am I giving up to get a payment or to stay in the Class?**

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation, could have been asserted in any forum, or could in the future be asserted in any forum, whether known claims or Unknown Claims, whether foreign or domestic, whether arising under federal, state, local, common, statutory, governmental, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class, individual, direct, representative, on behalf of others in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that the Releasing

Plaintiff Parties (i) asserted in the Litigation, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Litigation, or which could have been alleged in the Litigation, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of any NAPCO securities during the Class Period. Released Plaintiffs' Claims include "Unknown Claims," as defined in ¶1.37 below. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any derivative claims; or (iii) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined in ¶1.37), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or the Former Defendants in the Litigation. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against or relating to any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court; or (iii) any claims between the Released Defendant Parties and their respective insurers. For the avoidance of doubt, implementation of this Settlement shall not be delayed or terminated if, prior to the Effective Date, any claims arise between the Released Defendant Parties and their respective insurers.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and the Former Defendants and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their and Defendants' and the Former Defendants' respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, joint ventures, related entities, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such, and any entity in which any Defendant or Former Defendant has or had a controlling interest. The Released Defendant Parties other than the Defendants themselves, including the Former Defendants, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Plaintiffs, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former,

or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, related entities and attorneys; and the predecessors, successors, estates, estate managers, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected,

contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If timely and valid requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, NAPCO shall have, in its discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

### 11. How do I get out of the Class and the proposed Settlement?

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *NAPCO Securities Settlement*." Your letter must include your purchases, acquisitions, and sales of NAPCO common stock during the Class Period, including the dates and number of shares of NAPCO common stock you purchased, acquired, and sold, and the price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and

your signature. You must mail your exclusion request so that it is **postmarked no later than ____________, 2026** to:

*NAPCO Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you properly exclude yourself, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

**12. If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?**

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is __________, 2026.

**13. If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and/or the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, PLLP represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15. How will the lawyers be paid?**

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed 33-1/3% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $700,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. How do I tell the Court that I object to the proposed Settlement? |
|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *NAPCO Securities Settlement*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares of NAPCO common stock purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel has previously objected. You must also include copies of documents demonstrating your purchases, acquisitions, and/or sales of NAPCO common stock during the Class Period. Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** **no later than ____________, 2026:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | ROBBINS GELLER RUDMAN & DOWD LLP<br>Attn: Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br><br>JOHNSON FISTEL, PLLP<br>Attn: Michael I. Fistel, Jr.<br>40 Powder Springs Street<br>Marietta, GA 30064 | SIMPSON THACHER & BARTLETT LLP<br>Attn: Jonathan K. Youngwood<br>425 Lexington Avenue<br>New York, NY 10017 |

| 17. What is the difference between objecting and excluding? |
|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at **___ _.m., on __________, 2026**, in the Courtroom of the Honorable Brian M. Cogan, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by telephone or video, it is important that you monitor the Court's docket or the website, www.NAPCOSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

| **19.** | **Do I have to come to the Settlement Hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and have mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| **20.** | **May I speak at the Settlement Hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you

must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *NAPCO Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than ___________, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| **21.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

| **22.** | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at ____________ or by email at info@______________________.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.NAPCOSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| **23.** | **How will my claim be calculated?** |
|---|---|

As discussed above, the Settlement provides $20 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses, or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may

approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.NAPCOSecuritiesSettlement.com.

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants") based on their respective alleged economic losses resulting from violations of the federal securities laws alleged in this Litigation. The Plan of Allocation reflects Plaintiffs' damages expert's analysis undertaken to that end, including a review of publicly available information regarding NAPCO and statistical analysis of the price movements of NAPCO common stock and the price performance of relevant market and peer indices during the Class Period. The Plan of Allocation, however, is not a formal damages analysis.

2. The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making equitable allocations of the Net Settlement Fund.

3. All purchases of or acquisitions of NAPCO common stock during the Class Period (November 7, 2022 through August 18, 2023, both dates inclusive) are potentially eligible for compensation based on claims asserted under the Exchange Act.[3]

4. A "Recognized Loss Amount" will be calculated as set forth below for each purchase or acquisition of NAPCO common stock during the Class Period that is listed in the Proof of Claim and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

5. As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis to Authorized Claimants.

**Recognized Loss Amount Calculations on NAPCO Common Stock**

6. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the trading price of NAPCO common stock. Plaintiffs further allege that corrective information released to the market removed alleged artificial inflation from the share prices of NAPCO common stock on August 21, 2023 (the "corrective disclosures").

---

[3] Any transactions in NAPCO common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

7. Recognized Loss Amounts are based on the difference in the amount of alleged artificial inflation in the prices of NAPCO common stock at the time of purchase or acquisition and at the time of sale.

8. For each share of NAPCO common stock purchased or otherwise acquired from November 7, 2022, through and including August 18, 2023, and:

(a) sold from November 7, 2022, through August 18, 2023, inclusive, the Recognized Loss Amount per share shall be the lesser of: (i) the inflation per share in Table A at the time of purchase or acquisition, less the inflation per share in Table A at the time of sale; or (ii) the difference between the purchase price per share and the sales price per share;

(b) sold on August 19, 2023, through November 17, 2023,[4] the Recognized Loss Amount per share shall be the least of: (i) the inflation per share in Table A at the time of purchase; (ii) the difference between the purchase price per share and the sales price per share; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below;

(c) Retained at the close of trading on November 17, 2023, the Recognized Loss Amount per share shall be the lesser of: (i) the inflation per share in Table A at the time of purchase; or (ii) the difference between the purchase price per share at $22.59 per share (the 90-day average closing price of NAPCO common stock following the final alleged corrective disclosure).

**TABLE A**

| Time Period | Inflation Per Share |
|---|---|
| 11/7/2022 – 2/5/2023 | $7.57 |
| 2/6/2023 – 5/7/2023 | $11.03 |
| 5/8/2023 – 8/18/2023 | $17.40 |

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of NAPCO common stock during the "90-day look-back period," August 19, 2023 through November 17, 2023. The mean (average) closing price for NAPCO common stock during this 90-day look-back period was $22.59.

## TABLE B

| Date | Closing Price | Average Closing Price from August 21, 2023 through Sale Date |
|---|---|---|
| 8/21/2023 | $21.11 | $21.11 |
| 8/22/2023 | $23.24 | $22.18 |
| 8/23/2023 | $23.55 | $22.63 |
| 8/24/2023 | $22.68 | $22.65 |
| 8/25/2023 | $22.69 | $22.65 |
| 8/28/2023 | $22.78 | $22.68 |
| 8/29/2023 | $24.50 | $22.94 |
| 8/30/2023 | $24.80 | $23.17 |
| 8/31/2023 | $24.78 | $23.35 |
| 9/1/2023 | $24.19 | $23.43 |
| 9/5/2023 | $24.26 | $23.51 |
| 9/6/2023 | $24.02 | $23.55 |
| 9/7/2023 | $23.49 | $23.55 |
| 9/8/2023 | $23.49 | $23.54 |
| 9/11/2023 | $24.27 | $23.59 |
| 9/12/2023 | $24.02 | $23.62 |
| 9/13/2023 | $23.97 | $23.64 |
| 9/14/2023 | $23.88 | $23.65 |
| 9/15/2023 | $23.45 | $23.64 |
| 9/18/2023 | $23.25 | $23.62 |
| 9/19/2023 | $22.65 | $23.57 |
| 9/20/2023 | $22.84 | $23.54 |
| 9/21/2023 | $23.00 | $23.52 |
| 9/22/2023 | $23.06 | $23.50 |
| 9/25/2023 | $22.89 | $23.47 |
| 9/26/2023 | $21.66 | $23.40 |
| 9/27/2023 | $22.11 | $23.36 |
| 9/28/2023 | $22.37 | $23.32 |
| 9/29/2023 | $22.25 | $23.28 |
| 10/2/2023 | $22.12 | $23.25 |
| 10/3/2023 | $22.15 | $23.21 |
| 10/4/2023 | $22.51 | $23.19 |

| Date | Closing Price | Average Closing Price from August 21, 2023 through Sale Date |
|---|---|---|
| 10/5/2023 | $21.75 | $23.14 |
| 10/6/2023 | $21.92 | $23.11 |
| 10/9/2023 | $21.60 | $23.07 |
| 10/10/2023 | $21.52 | $23.02 |
| 10/11/2023 | $20.77 | $22.96 |
| 10/12/2023 | $20.68 | $22.90 |
| 10/13/2023 | $20.37 | $22.84 |
| 10/16/2023 | $20.74 | $22.78 |
| 10/17/2023 | $20.77 | $22.74 |
| 10/18/2023 | $20.43 | $22.68 |
| 10/19/2023 | $20.28 | $22.62 |
| 10/20/2023 | $20.00 | $22.56 |
| 10/23/2023 | $19.90 | $22.51 |
| 10/24/2023 | $20.16 | $22.45 |
| 10/25/2023 | $19.70 | $22.40 |
| 10/26/2023 | $19.56 | $22.34 |
| 10/27/2023 | $19.17 | $22.27 |
| 10/30/2023 | $18.40 | $22.19 |
| 10/31/2023 | $18.37 | $22.12 |
| 11/1/2023 | $18.37 | $22.05 |
| 11/2/2023 | $18.56 | $21.98 |
| 11/3/2023 | $18.80 | $21.92 |
| 11/6/2023 | $22.85 | $21.94 |
| 11/7/2023 | $25.01 | $21.99 |
| 11/8/2023 | $25.50 | $22.06 |
| 11/9/2023 | $25.17 | $22.11 |
| 11/10/2023 | $25.49 | $22.17 |
| 11/13/2023 | $26.11 | $22.23 |
| 11/14/2023 | $27.42 | $22.32 |
| 11/15/2023 | $27.97 | $22.41 |
| 11/16/2023 | $27.68 | $22.49 |
| 11/17/2023 | $28.54 | $22.59 |

## ADDITIONAL PROVISIONS

9. **Calculation of Claimant's "Recognized Claim"**: A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to NAPCO common stock. If a claimant had a market gain with respect to their overall transactions in NAPCO common stock during the Class Period, the value of the claimant's Recognized Claim will

be zero. If a claimant suffered an overall market loss with respect to their overall transactions in NAPCO common stock during the Class Period, but that market loss was less than the claimant's total Recognized Claim, their Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of NAPCO common stock during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]

10. **FIFO Matching**: If a Class Member made more than one purchase, acquisition, or sale of NAPCO common stock during the Class Period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis, beginning with the earliest purchase of the security.

11. **"Purchase/Sale" Prices**: For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

12. **"Purchase/Sale" Dates**: Purchases, acquisitions, and sales of NAPCO common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of NAPCO common stock shall not be deemed a purchase or sale of NAPCO common stock for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or sale of NAPCO common stock unless (i) the donor or decedent purchased, acquired, or sold those shares of NAPCO common stock between November 7, 2022, and August 18, 2023 (both dates inclusive); (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no other duplicative Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of NAPCO common stock.

13. **Short Sales**: In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a transaction that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered is also zero.

---

[5] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for NAPCO common stock purchased or acquired during the Class Period.

[6] The Claims Administrator will match any sales of NAPCO common stock from the start of the Class Period through and including the close of trading on November 17, 2023, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of NAPCO common stock sold from the start of the Class Period through and including the close of trading on November 17, 2023 will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a "Holding Value" for the securities equal to $22.59 (the closing price of NAPCO common stock on November 17, 2023) for each share of NAPCO common stock purchased during the Class Period and still held as of the close of trading on November 17, 2023.

14. In the event that a claimant establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

15. **Common Stock Purchased/Sold Through the Exercise of Options**: With respect to NAPCO common stock purchased or sold via the exercise of an option, the purchase/sale date of the NAPCO common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

16. **Determination of Distribution Amount**: If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive the claimants' authorized share of the Net Settlement Fund as provided by this Plan of Allocation. That share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount of the Net Settlement Fund.

17. If an Authorized Claimant's *pro rata* share of the Net Settlement Fund calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

18. Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Class Members, the Claims Administrator, or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

19. Class Members who do not submit acceptable Proofs of Claim will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation unless they have timely and validly sought exclusion.

20. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

21. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim and Proof of Claim.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired NAPCO common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of

those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing include up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free_____________, and may be downloaded from the Settlement website, www.NAPCOSecuritiesSettlement.com.

*NAPCO Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box _________
Los Angeles, CA 90030-____

DATED: ____________________

_____________________________________
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY ZORNBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAPCO SECURITY TECHNOLOGIES, INC., RICHARD L. SOLOWAY, and KEVIN S. BUCHEL,<br><br>Defendants. | Civil Action No. 1:23-cv-06465-BMC<br><br><u>CLASS ACTION</u><br><br>PROOF OF CLAIM AND RELEASE<br><br>EXHIBIT 2 |

## I. GENERAL INSTRUCTIONS

1. To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE ___________, 2026**, ADDRESSED AS FOLLOWS:

*NAPCO Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box ______
Los Angeles, CA 90030-____
Online Submissions:
www.NAPCOSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4. If you are a Class Member and you do not timely and validly request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

---

[1] This Proof of Claim and Release form ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement dated August 25, 2026 ("Stipulation"), which can be obtained at www.NAPCOSecuritiesSettlement.com.

5. If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a timely and valid request for exclusion from the Class. Thus, if you are a Class Member, the Judgment will release the Released Defendant Parties from all Released Plaintiffs' Claims, and you will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

6. You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

7. Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

## II. CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired NAPCO Security Technologies, Inc. ("NAPCO") common stock between November 7, 2022, and August 18, 2023, inclusive (the "Class Period"), and were damaged thereby, and are not otherwise excluded from the Class.

Use Part I of this form, entitled "Claimant Identification," to identify each purchaser or acquirer of record ("nominee") of the NAPCO common stock that forms the basis of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF NAPCO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers and acquirers must sign this Proof of Claim. If you purchased or otherwise acquired NAPCO common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner, and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased or otherwise acquired NAPCO common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated. Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full taxpayer identification number), address, and telephone number of the beneficial owner of (or other Person or entity on whose behalf they are acting with respect to) the NAPCO common stock; and (iii) furnish herewith evidence of their authority to bind to the Proof of Claim the Person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the NAPCO common stock set forth in the "Schedule of Transactions" in Part II of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. Neither the Parties nor the Claims Administrator independently has information about your investments in NAPCO common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity, including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in NAPCO common stock during the Class Period).

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the NAPCO common stock you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

**If you have any questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, c/o Verita Global at P.O. Box _______, Los Angeles, CA 90030-____ or by email at info@_________________.com, or by toll-free phone at______________, or you may download the documents from the Settlement website, www.NAPCOSecuritiesSettlement.com**.

## III. CLAIM FORM

Use Part II of this form, entitled "Schedule of Transactions in NAPCO Common Stock," to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets that provide all required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases or other acquisitions and sales of NAPCO common stock that took place between November 7, 2022, and November 17, 2023, inclusive, whether such transactions resulted in a profit

or a loss.[2] You must also provide all of the requested information with respect to the number of shares of NAPCO common stock you held at the close of trading on November 6, 2022, August 18, 2023, and November 17, 2023. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of NAPCO common stock. The date of a "short sale" is deemed to be the date of sale of NAPCO common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN NAPCO COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN NAPCO COMMON STOCK.**

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in

---

[2] Information requested about your purchases or other acquisitions on August 19, 2023, through and including the close of trading on November 17, 2023, is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases or other acquisitions during this period are not eligible for a recovery because they are outside the Class Period.

electronic files. This is different from the online submission process that is available at www.NAPCOSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the NAPCO common stock must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third party filer shall not be the payee of any distribution payment or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*Zornberg v. NAPCO Security Technologies, Inc., et al.*

No. 1:23-cv-06465-BMC

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**____________, 2026**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN NAPCO COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA ○ Joint Tenancy ○ Employee ○ Individual ○ Other__________ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER or Taxpayer Identification Number

Telephone Number (Primary Daytime) | Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

PART II: SCHEDULE OF TRANSACTIONS IN NAPCO COMMON STOCK

**A. Number of shares of NAPCO common stock held at the close of trading on November 6, 2022. If none, write "0" or "zero." ___**

**B. Purchases or other acquisitions of NAPCO common stock between November 7, 2022, and November 17, 2023, inclusive:**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed |
|---|---|---|---|
| 1.____________<br>2.____________<br>3.____________ | 1.____________<br>2.____________<br>3.____________ | 1.____________<br>2.____________<br>3.____________ | □ Y □ N<br>□ Y □ N<br>□ Y □ N |

IMPORTANT: If any purchase listed covered a "short sale," please mark Yes: □ Yes

**C. Sales of NAPCO common stock between November 7, 2022, and November 17, 2023, inclusive:**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1.____________<br>2.____________<br>3.____________ | 1.____________<br>2.____________<br>3.____________ | 1.____________<br>2.____________<br>3.____________ | □ Y □ N<br>□ Y □ N<br>□ Y □ N |

**D. Number of shares of NAPCO common stock held at the close of trading on August 18, 2023: __________**

Proof of Position Enclosed: □ Yes □ No

**E. Number of shares of NAPCO common stock held at the close of trading on November 17, 2023: __________**

Proof of Position Enclosed: □ Yes □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of NAPCO common stock during the relevant period and know of no other Person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge, and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," defined as any or all of Defendants and the Former Defendants and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their and Defendants' and the Former Defendants' respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, joint ventures, related entities, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such, and any entity in which any Defendant or Former Defendant has or had a controlling interest. The Released Defendant Parties other than the Defendants themselves,

including the Former Defendants, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

2. "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation, could have been asserted in any forum, or could in the future be asserted in any forum, whether known claims or Unknown Claims, whether foreign or domestic, whether arising under federal, state, local, common, statutory, governmental, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class, individual, direct, representative, on behalf of others in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that the Releasing Plaintiff Parties (i) asserted in the Litigation, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Litigation, or which could have been alleged in the Litigation, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of any NAPCO securities during the Class Period. Released Plaintiffs' Claims include "Unknown Claims," as defined below. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any derivative claims; or (iii) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

3. "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released

Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised,

settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4. These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

**CERTIFICATION**

By signing and submitting this Proof of Claim, the claimant(s) or the Person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1. that I (we) read and understand the contents of the Notice and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Class Member(s), as defined in the Notice and on page __ of this Proof of Claim, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice;

3. that I (we) own(ed) the NAPCO common stock identified in the Proof of Claim and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the claimant(s) has (have) not submitted any other claim covering the same purchases or other acquisitions of NAPCO common stock, and knows (know) of no other Person having done so on the claimant's (claimants') behalf;

5. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator, or the Court may require;

7. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

8. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

9. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE EXECUTED THIS ____ DAY OF

______________ in ______________________ ______________________________

(Month/Year) (City) (State/Country)

______________________________
(Sign your name here)

______________________________
(Type or print your name here)

______________________________
(Capacity of Person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation, as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it by Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN ____________, 2026, ADDRESSED AS FOLLOWS:**

*NAPCO Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box ____
Los Angeles, CA 90030-____
Online Submissions:
www.NAPCOSecuritiesSettlement.com

# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDY ZORNBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAPCO SECURITY TECHNOLOGIES, INC., RICHARD L. SOLOWAY, and KEVIN S. BUCHEL,<br><br>Defendants. | Civil Action No. 1:23-cv-06465-BMC<br><br><u>CLASS ACTION</u><br><br>SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT 3 |

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED NAPCO SECURITY TECHNOLOGIES, INC. ("NAPCO") COMMON STOCK BETWEEN NOVEMBER 7, 2022, AND AUGUST 18, 2023, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated August 25, 2026 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.NAPCOSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that class representatives Donald W. Hutchings and City of Warren Police and Fire Retirement System ("Plaintiffs") and defendants NAPCO, Richard L. Soloway, and Kevin S. Buchel ("Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $20 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on ____________, 2026, at __:__ _.m., before the Honorable Brian M. Cogan, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $20 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses and awards to Plaintiffs pursuant to 15 U.S.C.

§78u-4(a)(4) out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.NAPCOSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED NAPCO COMMON STOCK BETWEEN NOVEMBER 7, 2022, AND AUGUST 18, 2023, INCLUSIVE, AND WERE DAMAGED THEREBY, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than ___________, 2026)** or electronically via the Settlement website **(no later than _________, 2026)**. Failure to submit your Proof of Claim by ______, 2026, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not timely and validly request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release

entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.NAPCOSecuritiesSettlement.com, or by writing to or calling:

*NAPCO Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box ______
Los Angeles, CA 90030-____
Telephone: ______________

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800-449-4900
settlementinfo@rgrdlaw.com

JOHNSON FISTEL, PLLP
Michael I. Fistel, Jr.
40 Powder Springs Street
Marietta, GA 30064
Telephone: 470-632-6000
michaelf@johnsonfistel.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY ______________, 2026,**

IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION, AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33-1/3% OF THE $20 MILLION SETTLEMENT AMOUNT, EXPENSES NOT TO EXCEED $700,000, PLUS INTEREST ON BOTH AMOUNTS, AND AWARD TO LEAD PLAINTIFF IN ACCORDANCE WITH 15 U.S.C. §78u-4(a)(4) IN CONNECTION WITH HIS REPRESENTATION OF THE CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____________, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: ____________________

________________________________________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# EXHIBIT 4

**LEGAL NOTICE**
*Zornberg v. NAPCO Security Technologies, Inc., et al.*,
No. 1:23-cv-06465-BMC
c/o Verita Global
P.O. Box ________
Los Angeles, CA 90030-______

www.NAPCOSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment. This notice may affect your legal rights.

Please read this notice carefully.

**[INCLUDE BARCODE FOR WEBSITE]**

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.NAPCOSECURITIESSETTLEMENT.COM OR CALL ____________ FOR MORE INFORMATION.

If you purchased or otherwise acquired NAPCO Security Technologies, Inc. ("NAPCO") common stock between November 7, 2022, and August 18, 2023, inclusive, and were damaged thereby, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-referenced action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _________, 2026, at __:__ _.m., at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 ("Settlement Hearing"), before the Honorable Brian M. Cogan, to determine whether the proposed Settlement of the Litigation against Defendants NAPCO, Richard L. Soloway, and Kevin S. Buchel for $20 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 33-1/3% of the Settlement Amount, and expenses not to exceed $700,000, plus interest on both amounts, and any award to Lead Plaintiff, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Defendants misled investors by making materially false and misleading statements and failing to disclose material information, which caused NAPCO's common stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing NAPCO's common stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.NAPCOSecuritiesSettlement.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *NAPCO Securities Settlement*, c/o Verita Global, P.O. Box ______, Los Angeles, CA 90030-____, or (ii) toll-free call:____________.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than ___________, 2026. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in NAPCO common stock. The estimated average distribution per share of NAPCO common stock is approximately $1.23, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you timely and validly exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for award of attorneys' fees and expenses no later than _________, 2026. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Plaintiffs and the Class are represented by Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com and Michael I. Fistel, Jr., Johnson Fistel, PLLP, 40 Powder Springs Street, Marietta, GA 30064, 470-632-6000, michaelf@johnsonfistel.com. You may, but do not have to, attend the Settlement Hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the Website for updates.